In re KILLANNA REALTY & CONSTRUC-
TION CO., Inc.

NATIONAL CITY BANK OF NEW YORK v.
BRISLIN.

No. 110.

Circuit Court of Appeals, Second Circuit.

Jan. 8, 1934.

Wingate & Cullen, of New York City (Joseph B. Cavallaro and Cyrus S. Jullien, both of Brooklyn, N. Y., of counsel), for creditor-appellant National City Bank of New York.

Benjamin B. Wesley, of Jamaica, L. I. N. Y., for appellee Cornelius A. Brislin, as trustee in bankruptcy.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This appeal raises the question whether a creditor of a bankrupt estate which has failed to file a proof of claim within the six months succeeding adjudication should be allowed to file it nunc pro tunc under the particular circumstances disclosed by the record. In our opinion the statute is a complete bar.

The time within which claims may be proved is governed by section 57n of the Bankruptcy Act, 11 USCA § 93 (n), which provides as follows: "(n) Claims shall not be proved against a bankrupt estate subsequent to six months after the adjudication; or if they are liquidated by litigation and the final judgment therein is rendered within thirty days before or after the expiration of such time, then within sixty days after the rendition of such judgment: Provided, That the right of infants and insane persons without guardians, without notice of the proceedings, may continue six months longer."

On November 27, 1931, Killanna Realty & Construction Company, Inc. (now the bankrupt), made and delivered its promissory note for $85,000 to the National City Bank of New York payable ten days after date. The note was for money loaned and was indorsed by Thomas F. Guidera, the president of the maker. The note was not paid at maturity and was duly protested for nonpayment. On December 17, 1931, it was referred to Wingate & Cullen, attorneys for the bank, who commenced an action thereon against the maker and indorser and against Augusta L. Guidera, a guarantor of the note. On January 20 and January 28, 1931, judgment was taken against Thomas F. Guidera and Augusta L. Guidera, respectively.

A petition in bankruptcy was filed against the bankrupt on January 7, 1932, finally resulting in an adjudication on April 23, 1932. An informal meeting of the creditors of the bankrupt was held January 12, 1932, for the purpose of arranging for a choice of trustee and was attended by Lewis S. Clapp, an assistant cashier of the National City Bank. This meeting was called by Mr. Wesley, who afterwards became the trustee's attorney. Clapp learned on this occasion that a petition in bankruptcy had been filed and he joined with the other creditors in approving the choice of Cornelius A. Brislin for trustee, and stated that a proof of claim would be filed on behalf of the bank. After the meeting, he made a written report to his bank which was sent to Wingate & Cullen. An attorney from that firm, who was instructed to prepare and file a proof of claim, learned from the office of the clerk of the District Court that the bankrupt had put in an answer denying insolvency and, therefore, did not prepare the proof of claim. On May

24, 1932, the bank received a notice that the adjudication had taken place on April 23, 1932, but its officers, believing that Wingate & Cullen were taking care of the proceeding, did not notify them of the adjudication or file any proof of claim themselves, nor was any proof of claim filed by Wingate & Cullen on behalf of the bank during the six months' period. On or about August 30, 1932, the bank received notice that a meeting of the creditors was to be held, but took no steps to attend it. On September 16, 1932, it received a letter from Mr. Wesley, the attorney for the trustee, requesting a contribution of $25 toward the expense of an accountant to examine the books of the bankrupt and, on September 30, while still under the impression that a proof of claim had been filed by Wingate & Cullen, sent a check to Mr. Wesley for the amount requested. On October 3, 1932, the bank received an acknowledgment of the contribution which stated that if a sufficient amount of money should not be forthcoming from the other creditors, the contribution would be returned. On December 17, 1932, the bank first learned that no proof of its claim had been filed. Thereupon it requested its attorneys immediately to file one, and the attorneys prepared a proof of claim and moved before the referee for an order permitting the bank to file it nunc pro tunc. The referee denied the motion for lack of power and, upon a petition for review, the District Court affirmed the referee's order. No assets have been thus far collected by the trustee.

The appellant contends that the acts of the bank in attending a meeting of the creditors after the petition in bankruptcy had been filed, in order to discuss the choice of a trustee, and in making a contribution, after adjudication, to pay for an accountant to assist the trustee in investigating the estate and the undoubted understanding by the bank that a proof of claim had been duly filed, called for equitable relief and required the court to receive the proof of claim nunc pro tunc.

Appellant's argument, though somewhat persuasive, leads to results at complete variance with section 57n of the Bankruptcy Act, 11 USCA § 93 (n), which requires proofs of claim to be presented within six months after the adjudication. A proof may be recognized which is informal, irregular, and unverified, and such defects may be cured by amendment after the time has run. But to obtain indulgence, the creditor must, we think, have asserted his claim in writing in some form before the six months have expired. In our recent decision of In re Lipman, 65 F.(2d) 366, verified specifications of objections filed within the six months in which the creditor styled himself "a creditor" were regarded as a sufficient proof of claim against the bankrupt estate to permit allowing amendment after the statutory period had expired. On the other hand, in our decision of In re G. L. Miller & Co., 45 F.(2d) 115, we declined to allow a claim which had been filed in due time to be amended more than six months after adjudication so as to include a distinct cause of action upon a written agreement of indemnity which was in no way expressed in the original claim. See, also, In re Thompson (C. C. A.) 227 F. 981.

In Scottsville National Bank v. Gilmer, Trustee, 37 F.(2d) 227, the Court of Appeals of the Fourth Circuit went great lengths, but, in that case, the claim was not merely scheduled as in the present case, but correspondence was proved between the creditor and the trustee, wherein the trustee referred to the "dividend" to be received by the creditor, and it was established that the creditor had helped the trustee increase the assets of the bankrupt and had bought in estate properties at bankruptcy sales upon the assumption that its proof of claim had been filed. In Cotton v. Bennett (C. C. A.) 59 F.(2d) 373, the trustee in bankruptcy had filed a petition praying that real estate of the bankrupt upon which the creditor had a lien should be sold free and clear and the creditor had filed an answer consenting to the sale. The pleadings indicated that the creditor was continuing to assert his claim, and he was accordingly allowed to put it in formal shape by amendment after the expiration of the statutory period.

Whatever may be said for the results reached upon the particular facts developed in Scottsville National Bank v. Gilmer, Trustee, and Cotton v. Bennett, we are unwilling to hold that the mere statement of a claim by the bankrupt in the schedules is a sufficient basis for allowing an amendment. The National City Bank cannot be said to have asserted any claim in writing against the bankrupt estate either formally or informally. In our opinion, it was obliged to make some claim in writing within six months after the adjudication in order to avoid the limitation of the statute. Anything less involves too great a departure from the statutory requirement and fails to afford the bankruptcy court the means for expediting administration and promptly closing the estate which the law contemplates.

The contribution of $25 toward the expense of an accountant was not a step in the presentation of a claim. It was quite consistent with a purpose to determine from the accountant's report whether it was worthwhile to do anything further to realize upon the $85,000 note. A failure on the part of the bank to prove its claim seasonably because it was mistaken about the amount of the assets would be no ground for extending its time. In re Peck (C. C. A.) 168 F. 48. Similarly, the making of the small contribution of $25 cannot be regarded as a significant act toward asserting a claim for $85,000.

Unless we are prepared to say that a creditor who forgets to file proof of a scheduled claim in time may do so after the six months have elapsed, we must hold that the bank was properly denied relief by the court below. The strictness with which we have construed this statute in cases where there has been no seasonable proof of claim by the creditor is indicated by our recent decision of In re Silk, 55 F.(2d) 917. The position of the bank is not advanced by saying that the failure to prove was only due to a misunderstanding. The misunderstanding was no fault of the trustee or of the court and, however unfortunate or explicable it may have been, the creditor must fail, for it had to comply with the statute at its peril. As persuasive an argument can be made for an appellant who fails to take an appeal in time, yet the statute has always been regarded as mandatory and the fault irremediable.

Order affirmed.