## In re STRIKALITE, LIMITED, Inc.

District Court, S. D. New York.

March 9, 1944.

---

Emanuel Friedman, of New York City, for trustee.

Slade & Slade, of New York City (J. Jacob Hahn, of New York City, of counsel), for petitioner, Jacob Avidon.

Robert P. Stephenson, of New York City, referee in bankruptcy.

CLANCY, District Judge.

One of the officers of this bankrupt testified at an examination conducted by a receiver before the appointment of the trustee that there had been accruals of unpaid salaries and that in some instances checks had been issued therefor which were not negotiated. He testified that he had in his possession on the stand a record of "the data" but no one asked to see the record or put it in evidence. His brother, also an officer, later testified that a whole lot of unpaid wages was due this claimant. The minutes of the examination were transcribed and filed in the referee's office but not by claimant. Nothing further was done by this officer until after the expiration of three months from the first meeting of the creditors—Bankr.Act § 355, 11 U.S.C.A. § 755, the original petition was for an arrangement—when he moved for permission to amend his claim. The motion was denied and we are asked to review the referee's order.

We will sustain the order. Prior to the amendment of the Act in 1938, courts strained to sustain creditors' rights to a dividend by permitting amendment of claims that had the flimsiest forms after the statutory period for filing had elapsed. But in no case was there an utter failure of the creditor to represent himself as in some way asserting a demand. It may have been only the description of itself as a creditor when filing specifications, Matter of Lipman, 2 Cir., 65 F.2d 366, but an assertion of a creditor relationship in some form was the irreducible minimum. In re Killanna Realty & Construction Co., 2 Cir., 68 F.2d 718. The alleged creditor in this proceeding has never indicated in any fashion, formal or formless, that he looked upon the bankrupt as indebted to him. His statement that there were accruals of salaries is hardly more than the enumeration in the schedules as creditors of the officers to whom the salaries accrued and that has never been held to be sufficient. His brother's allegation that the sums were due him was properly disregarded.

The referee has found, and we agree with him on that ground also, that the statute as amended requires a more formal claim than did the law that was involved in all the reported cases. Section 57, sub. a, 11 U.S.C.A. § 93, sub. a, before the 1938 amendment, read: "(a) Proof of claims shall consist," etc. The amended act reads: "(a) A proof of claim shall consist," etc. It is plain that the old act defined "proof" and the new one defines a thing. That thing is called a proof of claim and is a sworn writing signed by the creditor. This is the "proofs of claim" required to be filed by § 57, sub. c, which, before the amendment, referred to "claims after being proved." The direction contained in § 57, sub. n, and which is entirely new, that all claims "shall be proved and filed in the manner provided in this section," taken together with this change in § 57, sub. a, we think contains a clear requirement by statute of what was never required before; namely a filing by the claimant of a written proof of claim signed by

him. The "shall" in 57, sub. n, must be thought to be mandatory as it certainly is elsewhere in this section of the statute when it is used. As the referee points out, the only provision in the section for filing is in § 57, sub. c, which permits the claimant to file his proof in the bankruptcy court or before the referee after reference. The salvation offered by earlier decisions to a creditor at fault is denied him by this statute obviously for the purpose of speeding up the proceeding to an expeditious conclusion.