## AVIDON v. HALPERT.
### No. 116.

Circuit Court of Appeals, Second Circuit.

Nov. 30, 1944.

Slade & Slade, of New York City (J. Jacob Hahn, of New York City, of counsel), for appellant.

Emanuel Friedman, of New York City (Louis P. Rosenberg, of Brooklyn, N. Y., of counsel), for appellee.

Before SWAN, CLARK, and FRANK, Circuit Judges.

SWAN, Circuit Judge.

This is an appeal by a creditor of a bankrupt from an order denying him leave to file an amended proof of claim. Strikalite, Ltd., Inc., filed a petition for arrangement on February 20, 1943, and five days later was adjudicated a bankrupt. On March 11, 1943 the first meeting of creditors was held and a trustee was appointed. Under section 355 of the Bankruptcy Act, 11 U.S.C.A. § 755, the time for filing claims of creditors expired three months after the date set for the first meeting of creditors. The appellant's motion for leave to file an amended proof of claim in the amount of $4,397.24 was made on September 16, 1943. It was denied on the ground that he had never previously filed a proof of claim and that the so-called "amendment" was presented too late for allowance as an original proof of claim.

The appellant was an officer of the bankrupt. At the time of filing its petition for arrangement the corporation was concededly indebted to him for accrued salary in the amount of $2,888.49, and this indebtedness was reflected on the corporation's books. On March 5, 1943, the appellant and another officer of the bankrupt were examined pursuant to section 21, sub. a, of the Act, 11 U.S.C.A. § 44, sub. a, before the referee in bankruptcy. The appellant testified that before 1942 there were quite a number of salary accumulations and said, "I have a record if you want it; that is if you want to know the exact data on that * * *." In so testifying he was referring, according to his later testimony given at the hearing on the motion to amend, to a record which was then in his pocket and which he had received from the bankrupt's bookkeeper. His testimony in the 21, sub. a, examination was transcribed by the reporter and was filed (but not by the appellant) with the referee before expiration of the three months' period prescribed by § 355 for the filing of claims. It is the appellant's contention that his testimony, so filed, constitutes a sufficient filing of a proof of claim to warrant a subsequent amendment.

The Chandler Act made changes, at least in phraseology, in some of the provisions of section 57, 11 U.S.C.A. § 93, relating to the proof of claims. The changes in subdivision n are particularly noteworthy. It was completely rewritten and now contains an express affirmation that all claims, except as otherwise provided in the Act, "shall be proved and filed" in the manner provided in section 57, and an express negation of allowance of claims "not filed within six months." It contains also a new provision that later filed claims may share in any surplus after diligent creditors have been paid in full. See Hammer v. Tuffy, 2 Cir., 145 F.2d 447. Whether the Chandler Act has established stricter requirements which make inapplicable cases involving amendment of claims under the statute as it formerly existed has not yet been authoritatively determined. The referee and the District Judge were of opinion that a stricter rule is now required. The authors of the 14th edition of Collier on Bankruptcy have assumed that no change in this respect was effected by the amendments. Vol. 3, pp. 324-5. We do not think determination of this question is essential to a decision in the case at bar.

Although the courts have been very liberal to creditors in requiring little to constitute a proof of claim, yet no case seems to have gone to the extreme for which the appellant here contends, namely, that testimony of an officer of the bankrupt examined under § 21, sub. a, with respect to its books of account, not expressing any intention on his part to share in the estate, is sufficient to justify a tardy "amendment". If the appellant had presented the document, which he now says he had in his pocket, and had said that the amount there shown was due him, perhaps that would have sufficed; but that he did not do. As we read the cases there must be a timely assertion, however informal, by the creditor of his claim against the debtor's estate. See In re Killanna Realty & Construction Co., 2 Cir., 68 F.2d 718, 719; Tarbell v. Crex Carpet Co., 8 Cir., 90 F.2d 683, 685; In re Lipman, 2 Cir., 65 F.2d 366, 368; In re Hotel St. James Co.,

9 Cir., 65 F.2d 82, 83; In re Thompson, 3 Cir., 227 F. 981, 983. The authorities relied upon by the appellant are not to the contrary. In the Salvatore Brewing Co. case, 2 Cir., 193 F. 989 there was plainly the assertion of a claim, and "the testimony * * * presented all the facts necessary to establish Meyer's claim". Page 990 of 193 F. This was likewise true in In re Quality Publications, D.C.S.D.N.Y. 12 F.Supp. 651. The testimony given in the 21-a examination was that before 1942 there were salary accruals on the bankrupt's books, weekly checks were issued to the officers and were not cashed, and "whenever any funds came through that could be spared, we drew back salary"; that in 1942 "we increased our weekly drawings". We do not find in this testimony an assertion of a present claim against the bankrupt's estate. Even under the assumption that the very liberal rules which antedated the Chandler Act should still control, we think denial of leave to file the "amended" claim was correct.

Order affirmed.