**In re TASHMAN et al.**

**Bankr. 49135.**

United States District Court
E. D. New York.

Oct. 17, 1951.

Max Schwartz, Brooklyn, N. Y., for the Trustee.

Archibald Palmer, New York City (Samuel Masia, New York City, of counsel), for claimants.

BYERS, District Judge.

The Trustee seeks to review and reverse an order of the Referee dated September 13, 1951, permitting two creditors, father and son, named Cisarano, to file claims in this proceeding.

The order recites the petition filed September 5, 1951, the answers filed September 10, 1951, by the Trustee, the findings contained in the Referee's decision, the testimony taken before the Referee in a 21a examination on March 26, 1951, the "formal" proofs of claim filed August 22, 1951, and provides as follows: "Ordered, that the said 'formal' proof of claims be and they hereby are filed and allowed nunc pro tunc as of March 26, 1951, as an amendment to the proof taken before the Referee in Bankruptcy on March 26, 1951."

The decision contains no citation of authority, statutory or otherwise, and presents a question of importance in the administration of the Bankruptcy Act, 11 U. S.C.A. § 1 et seq. The relevant chronology is:

January 8, 1951, voluntary petition, Chap. XI filed.

February 7, 1951, debtor adjudicated a bankrupt.

February 26, 1951, first meeting of creditors.

March 26, 1951, these creditors were examined under Sec. 21a, in connection with the Schedules which included the respective debts here involved.

May 25, 1951, time for filing these claims expired. Sec. 355, Bankruptcy Act.

August 25, 1951, six months' period would have expired for filing claims in an ordinary bankruptcy proceeding (Sec. 57(N) Bankruptcy Act).

Three days earlier than the date last mentioned, these claims were filed with the Referee who marked them "filed late". Thus the application to him, which he has granted as stated.

Reference to the August 25 date is made by way of reminder that the three months' limitation would not have been involved, if the proceeding had started in the guise which it later assumed. Whether that influenced the action of the Referee does not appear. If it be argued that it would be a harsh ruling that would exact of the creditor a prompter filing than would have applied in the conventional bankruptcy, the answer is that inadvertence in that respect is not to be attributed to Congress where the enactment is in the unmistakable terms of Sec. 355. The choice was legislative and the Courts do not possess the power of alteration or revision. This understanding seems to underlie the decision of In re Supernit, Inc., 3 Cir., 186 F.2d 130.

These creditors rely upon the benevolent policy of many courts in allowing so-called amendments of that which could be recognized as claims only by the most expert penetration of disguise, antedating the 1938 amendment to the Act.

These cases are referred to in Avidon v. Halpert, 2 Cir., 145 F.2d 884, in which the decision below, In re Strikalite, Ltd., D.C., 54 F.Supp. 419, of Judge Clancy, was affirmed. That too was a bankruptcy which started as an attempted arrangement, the adjudication following the petition at the end of five days. A corporate officer had testified in a 21a proceeding respecting unpaid salary items owing to him, but he did not attempt to file a claim until over six months had elapsed, following the first meeting of creditors. As a witness he referred to a memorandum in his pocket containing "exact data" on the subject, but did not file it.

It may clarify the present problem to interject that there is no such deficiency in this case, for the checks to and fro, forming the basis of these claims, were produced at a similar examination and received in evidence. Moreover, the claimant Pasquale Cisarano said at the close of his examination that his debt had not been paid, even in part, thus: "No; he still owes me that money."

Reverting to the Halpert case, supra, it was said by the Second Circuit Court of Appeals, 145 F.2d at page 885, after referring to 1938 changes in the text of Sec. 57, respecting claims and their presentation: "Whether the Chandler Act has established stricter requirements which make inapplicable cases involving amendment of claims under the statute as it formerly existed has not yet been authoritatively determined. * * * We do not think determination of this question is essential to a decision in the case at bar.

"Although the courts have been very liberal to creditors in requiring little to constitute a proof of claim, yet no case seems to have gone to the extreme for which the appellant here contends, namely, that testimony of an officer of the bankrupt examined under § 21, sub. a, with respect to its books of account, *not expressing any intention on his part to share in the estate,* (italics supplied) is sufficient to justify a tardy 'amendment'. If the appellant had presented the document, which he now says he had in his pocket, and had said that the amount there shown was due him, perhaps that would have sufficed; but that he did not do. As we read the cases there must be a timely assertion, however informal, *by the creditor of his claim against the debtor's estate* (italics supplied)."

The liberty has been taken of emphasizing parts of the quoted passage, because it is thought that they indicate the reviewing court's minimal requirement with respect to a claim against a bankrupt estate even under the urbane concepts of the earlier cases to which allusion is made, without going all the way on this subject with the court below.

I venture to think that a decision touching the regulatory bearing upon the practice in such cases, of the 1938 amendment to Section 57 of the Act, would tend to rectify

a rather loose and uncertain approach to that which should be susceptible to reasonable order and certainty.

■ To apply the underscored portions of the quoted opinion, to this testimony, it will be seen that neither creditor stated as a witness, directly or indirectly, that he was presenting a claim against the bankrupt estate, and proposed to share therein, thus there was no claim before the Referee to be amended. It will be seen also that the deficiency in proof in the then case before the Court, is completely overcome in this record. And so the Halpert case, supra, is not factually a precedent for this, but the expression of the Court's understanding of the necessary showing to sustain what for want of accurate terminology is called an amendment, points the way to decision here, in favor of the Trustee.

■ Incidentally I find no warrant for *nunc pro tunc* filing of a claim, in the Bankruptcy Act.

It results that the petition of the Trustee, to review and reverse, is granted, and the claims are expunged as having been filed too late to be allowed.

Settle order.