**In re PACIFIC LUMBER & FUEL CO.**

**CONVERSE et al. v. SULLIVAN et al.**

No. 10506.

United States Court of Appeals
Seventh Circuit.

March 17, 1952.

Robert D. Johns, La Crosse, Wis., for appellants.

Wayne B. Schlintz, Viroqua, Wis., Philip G. Arneson, La Crosse, Wis., for appellees.

Before MAJOR, Chief Judge, and DUFFY and LINDLEY, Circuit Judges.

LINDLEY, Circuit Judge.

The only question presented on this appeal is whether the order of the referee, sustained by the District Court, which permitted appellee, A. F. Lowes Lumber Company, to file its amended claim after expiration of six months allowed by law for filing claims in bankrupt estates was erroneous. Bankruptcy Act, § 57, sub. n, 11 U.S.C.A. § 93, sub. n.

The original claim, filed within the statutory period, disclosed the amount of the indebtedness, $24,100, and conformed to all requirements as to form except that (1) instead of being signed and verified by a corporate officer, it was attested by the attorney for the company, for the reason, as he said, it was impossible at that time to reach the officers of the corporation; (2) it contained an allegedly insufficient statement of the indebtedness and the consideration therefor. Neither the trustee nor the creditors objected upon the merits, or insisted that the amount claimed was not due and owing from the bankrupt, but they did object to the form of the claim. Appellee moved for and obtained leave to amend some months after expiration of the time permitted for filing claims but before any distribution of assets to creditors. The amended claim differed from the one originally filed only in that it corrected the two formal defects; the amount remained the same.

In accord with proverbial rules abiding in American jurisprudence, the bankruptcy court, sitting as a court of equity, has consistently, under the Act of 1867, that of 1898 and that of 1938, the

Chandler Act, extended every reasonable liberality in allowance of amendments. This principle was approved by the Supreme Court in Hutchinson v. Otis, 190 U.S. 552, 23 S.Ct. 778, 779, 47 L.Ed. 1179; in this language: "The proof of debt originally filed is admitted to have been defective. A substituted proof was filed by consent of the trustee more than a year after the adjudication * * *. It is argued that the allowance of the amendment is within § 57n, forbidding proofs subsequent to one year after the adjudication, etc. The construction contended for is too narrow. The claim upon which the original proof was made is the same as that ultimately proved. The clause relied upon cannot be taken to exclude amendments. An example similar in principle is the allowance of an amendment setting up the same cause of action after the statute of limitations has run, when the original declaration was bad." The underlying reason for the decision, we think, is that expressed in the final sentence, namely: that it is a time-worn rule that amendments in all actions in all jurisdictions are allowed after a statute of limitations has run, provided no new cause of action is pleaded in the amendment. This court gave due heed to the Supreme Court's admonition in Re Rothert, [7 Cir.], 61 F. 2d 1, 2, where we said: "If the amendment does introduce a distinctly new and different claim, its filing after the six months' period would be too late. * * * the amended claim is in essence not different from that originally filed, and in its essence is sustainable by the same evidence. * * * The amendment cannot therefore be said to have introduced a new or different claim or cause of action, and we hold there was no error in permitting this to be done." In a later case, In re Ebeling, 7 Cir., 123 F.2d 520, 521, in 1941, we elaborated somewhat saying: "The statute does provide that claims shall not be proved against a bankrupt estate subsequent to six months after the adjudication, Bankruptcy Act, as amended § 57, sub. n, 11 U.S.C.A. § 93, sub. n * * * but this section does not bar amendments filed after the expiration of the statutory period, In re Lipman, 2 Cir., 65 F.2d 366, and where a proof of claim has been filed within the time provided by the statute, it may be amended, In re Rothbell, D.C., 6 F.Supp. 244, the only limitation upon the rule being that the amendment does not introduce a distinctly new and different claim. In re Rothert, 7 Cir., 61 F.2d 1. In other words, there must be in the record the substance of that which is asked for. The right to amend can go no further than to bring forward and make effective that which in some shape was asserted in the original claim. In re G. L. Miller & Co., 2 Cir., 45 F.2d 115, 116." To the same effect is Continental Motors Corporation v. Morris, 10 Cir., 169 F.2d 315. Under these authoritative decisions, the District Court rightfully held that the claim, the amount and validity of which have never been questioned, might, after expiration of the statutory period of six months, be amended as to form. Any other ruling would have been erroneous.

Appellants insist that the amendment to Section 57 of the Bankruptcy Act, 11 U.S.C.A. § 93, sub. n, by the Chandler Act of June 22, 1938 has made it mandatory to deny an amendment presented under the circumstances existing here. It should be observed that the two decisions last referred to, from this circuit and the tenth respectively, were decided after the Chandler Act had become effective and, though the opinions do not indicate that the courts were called upon to rule upon the point, they did so in each instance, *sub silentia*, by interpreting the statute as they did.

Appellants urge in this respect that the District Court, in Re Srikalite, 54 F.Supp. 419, 421, adopted a sounder rule, in holding that since the Chandler Act became effective, the fact that as amended the Act requires a more formal claim than did the Acts involved in the earlier cases necessitates a much more strict rule as to allowance of amendment of claims, and in concluding that "The salvation offered by earlier decisions to a creditor at fault is denied him by this statute obviously for the purpose of speeding up the proceeding to an expeditious conclusion." Though the Court of Appeals for the Second Circuit affirmed, it did so because there was noth-

ing before the court in the way of a claim justifying, under any circumstance, an order permitting an amendment; it said, concerning the application of the amended Act, "Whether the Chandler Act has established stricter requirements which make inapplicable cases involving amendment of claims under the statute as it formerly existed has not yet been authoritatively determined. The referee and the District Judge were of opinion that a stricter rule is now required. * * * We do not think determination of this question is essential to a decision in the case at bar." Avidon v. Halpert, 2 Cir., 145 F.2d 884, 885. Apparently what the District Court meant in the Strikalite case was that a proof of claim fully meeting every requirement, must be filed within the statutory period and that there can be no amendment after expiration of the time for filing, curing even formal defects. Under this ruling a proof of claim sufficient in every respect but not signed or verified or otherwise complete could not be amended after the six months period fixed by 57, sub. n, had passed. To this reasoning we can not assent. Section 57, subs. a and n, as it read prior to the passage of the Chandler Act was, in substance, the same as it is now under the amendment. One of the draftsmen of the amendment has stated that the difference between the two is "merely phraseological." H. R. 12889, 74th Cong. 2d Session 174. Both Remington (Remington on Bankruptcy 4th Ed. Vol. 2, p. 398) and Collier (Collier on Bankruptcy 14th Ed. Vol. 3 Supp., p. 16) take the position that the Chandler Act did not change the law governing amendments of claims.

We find no implication in the statute that the right to amend and the power to permit an amendment in order to correct formal defects do not still exist just as hardily and just as stoutly as before the amendment. Indeed, such was the conclusion in Re Weco Equipment, Inc., D. C., 55 F.Supp. 532. There the District Court held that the weight of authority compelling liberality of amendments had not been changed by the Act of 1938 and that the latter does not bar amendment of claims after expiration of the six-month period, if there has been sufficient compliance with the statute to amount to a proof of claim within previous judicial rulings. The court went so far as to hold that an attorney's letter to the referee, setting up the fact that his client had a claim for a certain amount, was a sufficient claim within the statutory period to permit an amendment, after expiration of the six-month period, correcting formal defects. The Court of Appeals for the Second Circuit affirmed without opinion, Public Operating Corp. v. Schneider, 145 F.2d 830, on the authority of In the Matter of Lipman, 2 Cir., 65 F.2d 366. Thus that court, by its affirmance of the District Court's interpretation of the Act as amended by the Chandler Act, has held that the same rule applies since the enactment of that Act as existed prior thereto as defined in its decision in Re Lipman, in which it applied the liberal rule governing amendments. We agree that the law as to amendments has not been changed by the Chandler Act.

The order is affirmed.