### In re STYLERITE, Inc.
### No. 5279.

United States District Court,
D. New Hampshire.
March 31, 1954.

21. There is no evidence before the Court which indicates that the defendant has breached his agricultural lease agreement; the substance of plaintiffs' grievance was that they had been refused the authority enjoyed by general partners and as a consequence wanted to liquidate the undivided interests of the parties.

**486**

John W. King, Manchester, N. H., for petitioner.

Robert D. Branch, Asst. U. S. Atty., Concord, N. H., for referee in bankruptcy.

CONNOR, District Judge.

Petitions for review of orders of the referee in bankruptcy disallowing proofs of claim of five wage earners of the bankrupt.

Stylerite, Inc., a corporation established under the laws of the state of New Hampshire, with principal place of business at Manchester, New Hampshire, filed a voluntary petition in bankruptcy in this court, and on March 24, 1953, was adjudicated a bankrupt. After reference, notice of the first meeting of creditors was sent to the creditors listed in the schedules, setting the date for such meeting as April 10, 1953. All petitioners were duly listed in the schedules as priority wage earners and creditors, and received this notice, at the bottom of which is the following: "N.B. Before a claim can be filed, a proof of debt in accordance with the forms promulgated by the Supreme Court of the United States must be filled out, signed and sworn to. * * * If proof of claim does not conform to the above requirements, it will not be filed."

At the meeting, Alice Yergeau, a petitioner herein, was duly examined as an officer of the corporation relative to its affairs. Present were the other four petitioners, one of whom asked the referee the following question: "What about our wages?", and received the following answer: "Wages under the law have a priority and come first, after ad-

ministration expenses, if there is any money." Notice of the final meeting to be held October 28, 1953, was duly mailed to the creditors and other interested parties. At this meeting, petitioners learned that they were not to share in the distribution of the assets since they had filed no proofs of claim in accordance with the provisions of Section 57 of the Bankruptcy Act, 11 U.S.C.A. § 93. Subsequently, on November 5, 1953, before distribution of the assets, the petitioners filed documents captioned "Amended Proof of Claim" for wages earned within three months of the filing of the petition. The referee found that these were not actually amended proofs of claim, but were merely proofs of claim belatedly filed, in that no actual proofs of claim were seasonably filed in the manner and during the time required by Section 57, sub. a and sub. n of the Act, and ruled that since the statute is mandatory, the claims must be disallowed.

The sole question presented is whether the alleged amended proofs of claim filed with the referee should have been treated as the proper filing of claims under the statute. The pertinent and applicable parts thereof are as follows:

> "*Section 57, sub. a:* A proof of claim shall consist of a statement under oath, in writing, and signed by a creditor, setting forth the claim; the consideration therefor; whether any and, if so, what securities are held therefor; and whether any and, if so, what payments have been made thereon; and that the claim is justly owing from the bankrupt to the creditor.
>
> \* \* \* \* \* \*
>
> "*(n)*. Except as otherwise provided in this Act, all claims provable under this Act, including all claims of the United States and of any State or subdivision thereof, shall be proved and filed in the manner provided in this section. Claims which are not filed within six months after the first date set for

the first meeting of creditors shall not be allowed: \* \* \*."

█ The unequivocal essentials of a valid proof of claim are defined in the above section, i. e., (1) that it shall consist of a statement under oath and in writing, and (2) that the claim shall be filed within six months after the first date set for the first meeting of the creditors, with a further requirement that if not so filed within this time it shall not be allowed.

It is the contention of the petitioners that, on the state of the record of the proceedings before the referee, there may be formulated an assertion of claims to which these amended proofs of claim are in amendment. Upon this premise, it is urged that valid claims have been lodged with the referee which should be recognized, and all as priority claims.

█ It is well settled that amendments to a defective proof of claim, filed within the statutory period, may be made after the time has expired. Hutchinson v. Otis, Wilcox & Co., 190 U.S. 552, 23 S.Ct. 778, 779, 47 L.Ed. 1179. The courts have shown great liberality in determining what constitutes a basis for a late amendment and the law has not been changed by the Chandler Act. In re Pacific Lumber & Fuel Co., 7 Cir., 194 F.2d 995. Counsel for the petitioners has cited cases illustrating the extent to which courts have gone in allowing amendments, but in many of the cases there was some written document, however informal, which could be recognized as a claim against the estate of the bankrupt and which could be the subject of an amendment. In this respect, the petitioners' claims are defective. "A proof may be recognized which is informal, irregular, and unverified, and such defects may be cured by amendment after the time has run. But to obtain indulgence, the creditor must, we think, have asserted his claim in writing in some form before the six months have expired." In re Killanna Realty & Construction Co., 2 Cir., 68 F.2d 718, 719.

The oral inquiry by one of the petitioners at the first meeting, even if construed as the assertion of a claim, falls short of the statutory requirement that the claim be reduced to writing. Nor does the fact that the petitioners' names appearing on the bankruptcy schedule of debts constitute it a proof of claim subject to amendment. The import of the statute is of limitation, and to attempt to construe the language thereof other than its plain meaning, is, in effect, to legislate by judicial interpretation. Conceding that the claims are just and undisputed, the hard fact is that the Act contains no proviso which would extend relief to one who has misconceived or neglected his obligation.

The orders of the referee disallowing the claims are affirmed.