INTERSTATE FINANCE CORPORA-TION, Appellant,

v.

J. T. SCROGHAM, Appellee.

No. 13477.

United States Court of Appeals
Sixth Circuit.

April 23, 1959.

J. Ray Bartholomew, Louisville, Ky., Elmer Morgan, Louisville, Ky., on brief, for appellant.

Robert E. Davis, Louisville, Ky., for appellee.

Before MARTIN and MILLER, Circuit Judges, and CECIL, District Judge.

CECIL, District Judge.

This is an appeal from a judgment of the United States District Court for the Western District of Kentucky. The District Judge affirmed decisions of the Referee in Bankruptcy confirming a wage earner's plan in a proceeding under Chapter 13 of the Bankruptcy Act and denying a reclamation petition of the appellant.

On February 19, 1957, J. T. Scrogham petitioned the Court in accordance with Sections 1022 and 1023, Title 11 U. S. C., for leave to submit a plan for an extension of time in which to pay his creditors. With this petition, he submitted statements of all debts and property and a plan for the payment of his debts.

The appellant's claim was listed, "Interstate Loan Co., 2752 West Dumesnil, Lou., Ky., $248.50", and as unsecured. In Schedule A appeared the statement "(no recorded mortgages found in chattel check going through January 1st, 1955)".

A meeting of creditors as prescribed by Section 1032 of the above Title was called for March 4, 1957. In conformity to Section 1033, subdivision (5) the notice advised that if the Plan were accepted, an application for confirmation would be filed and a hearing held on it at time of the meeting.

At the meeting of creditors counsel for the appellant appeared and stated that the appellant's claim was secured by a chattel mortgage on a 1949 Pontiac automobile and that his client objected to the plan. The automobile in question is the one listed by the debtor in his property statement.

As indicated by the Statements of Fact in the Referee's Certificate of Review, he found that a majority in number and amount of the debtor's creditors had accepted the plan at the meeting of creditors. Accordingly, on March 5, 1957, the Referee sustained the debtor's application for confirmation in an order which recited that at a meeting of creditors the matter had been heard and duly considered.

On March 11, 1957, the appellant filed a petition for reclamation. The petition alleged that the bankrupt had in his possession a 1949 two-door Pontiac automobile, that the appellant was the owner of said car or had a special interest in it by virtue of the execution of a note and chattel mortgage by the debtor to Interstate Finance Corporation of Kentucky. It was further alleged that the mortgage was duly recorded on April 10, 1956, with the County Clerk of Jefferson County, Kentucky, that the debtor was in default in his payments, that the value of the motor vehicle was less than the balance owed to the petitioner, and that there was a balance due of $247.37.

Responsive pleadings were filed by the debtor and the Trustee, a hearing was had at which testimony was taken and on March 26, 1957, by an order of the Referee, the petition for reclamation was denied.

A Certificate of Review in which he made Findings of Fact and stated Conclusions of Law, was issued by the Referee and the matter was referred to the District Judge.

The facts concerning the mortgage, including the fact that it was duly filed and recorded, are not in dispute. It is also conceded that counsel for the appellant appeared at the meeting of creditors and stated that the automobile was mortgaged and that the appellant objected to the plan.

The District Judge affirmed the Referee and his order under date of December 16, 1957, reads in part as follows:

"However, no formal steps were taken by the petitioner to contradict the listing of its claim as unsecured in debtor's petition nor was a request made for additional time to establish that its claim was secured. The wage earner's plan was confirmed and it affected petitioner's claim. Thereafter petitioner filed a reclamation petition which was denied by the Referee for failure to (1) file proof of its secured claim, (2) show reason for extension of time within which such claim could be filed and/or (3) ask the Court to require the debtor to list it as a secured rather than an unsecured creditor.

"While creditors may file their claims within six months after the date for the first meeting of creditors (Section 57, Bankruptcy Act [11 U.S.C. § 93]), it is expressly provided in Section 657 of the Act that, 'Upon confirmation of a plan, the plan and its provisions shall be binding upon the debtor and upon all creditors of the debtor, whether or not they are affected by the plan or have accepted it or have filed their claims, and whether or not their claims have been scheduled or allowed or are allowable.' Petition-

er was therefore upon notice that unless he satisfied the Court his claim was secured he would be bound upon confirmation of the plan."

The issue presented is whether the confirmation was properly granted. If properly granted, the plan and its provisions are binding upon the debtor and upon all creditors of the debtor, whether or not they have accepted the plan or have filed their claims. Sec. 1057, Title 11 U.S.Code.

The question then arises whether or not under the facts in this case the appellant waived the security of its mortgage and lost its right to be treated as a secured creditor by reason of its failure to take affirmative, formal action in filing a proof of claim to establish its security at the meeting of creditors.

It is conceded by counsel on both sides that if a secured creditor does not consent to a proposed plan, it can not be put into effect. Sec. 1052, Title 11 U.S.Code.

Research has disclosed no authorities exactly in point on the question at issue.

The provisions of chapters 1 to 7 inclusive, applicable to ordinary bankruptcy proceedings, are also applicable to Chapter 13 proceedings insofar as they are not in conflict therewith. Sec. 1002, Title 11 U.S.Code.

Sec. 1024, Title 11 U.S.Code, provides, "The petition shall be accompanied— (1) * * * (2) by the schedules and statements of affairs, if not previously filed; and * * *"

General Order 38 in bankruptcy provides, "The several forms annexed to these general orders shall be observed and used, with such alterations as may be necessary to suit the circumstances of any particular case." These forms are in Chapter 4 of Title 11 U.S.Code.

The form of petition alleges that "Schedule A" is attached. Schedule A is divided into five classifications and there is a form for each. Schedule A 2 is for creditors holding securities.

The debtor herein attempted to follow these schedules and listed "Schedule A 2. Creditors holding securities * * * None (no recorded mortgages found in chattel check going through January 1st, 1955)" Joint Appendix p. 7a. This was obviously in error since the mortgage was admittedly properly filed and recorded.

Sec. 25, Title 11 U.S.Code, provides, "The bankrupt shall * * * (8) prepare, make oath to, and file in court within ten days, unless further time is granted, after the adjudication, if an involuntary bankrupt, and with the petition if a voluntary bankrupt, a schedule of his property, showing the amount and kind of property, the location thereof, its money value in detail, and a list of his creditors, showing their residences, if known, if unknown, that fact to be stated, the amounts due each of them, the consideration thereof, *the security held by them,* if any, and a claim for such exemptions as he may be entitled to, all in triplicate, one copy of each for the clerk, one for the referee, and one for the trustee;" (Emphasis added.)

The debtor herein either intentionally or carelessly violated a fundamental element of this proceeding. He took oath that the allegations of the petition and the schedules were true to the best of his "knowledge, information and belief." If such oath were knowingly and fraudulently made he would be liable to criminal prosecution. Sec. 152, Title 18 U.S.Code.

Great importance is thus attached to accuracy and had the debtor made a true statement the secured creditor could have made its objection through its lawyer and protected the security. As a matter of fact, the lawyer could probably have sat passively by and done nothing since the statute (Sec. 1052, supra) provides that the application for confirmation cannot be filed until "it has been accepted in writing" by the secured creditors.

Sec. 1041, Title 11 U.S.Code, provides, "Where not inconsistent with the pro-

visions of this chapter, the rights, duties, and liabilities of creditors and of all other persons with respect to the property of the debtor shall be the same, * * * where a petition is filed under Section 1022 of this title, as if a voluntary petition for adjudication in bankruptcy had been filed and a decree of adjudication had been entered at the time the petition under this chapter was filed."

It might be said that this requires a secured creditor to file a proof of claim, particularly where the security is in the hands of the debtor. See United States National Bank in Johnstown v. Chase National Bank, 331 U.S. 28, 33–34, 67 S.Ct. 1041, 91 L.Ed. 1320; Isaacs v. Hobbs Tie & Timber Co., 282 U.S. 734, 737–738, 51 S.Ct. 270, 75 L.Ed. 645.

Sec. 1052, Title 11 U.S.Code, is a specific statute which supersedes all general rules. To the extent that it deals specifically with secured claims it is inconsistent with other general provisions.

It is stated in this section that an application for confirmation may be filed with the Court, "but not before

"(1) it has been accepted in writing * * * by a majority in number of all such (unsecured) creditors *whose claims have been proved and allowed* before the conclusion of the meeting, which number shall represent a majority in amount of such claims, *and by all secured creditors whose claims are dealt with by the plan;*" (Emphasis added.)

Congress specifically stated that only those unsecured creditors whose claims were *proved and allowed* could be counted in the consideration of the acceptance of the plan. If it had intended that listed secured creditors should have their claims *proved and allowed* before registering an objection it could have said so with equal clarity.

■ The record does not show that the appellant's claim was secured but that record is false in fact and made so by the debtor. In presenting such false record the debtor cannot place on the creditor a burden which he would not otherwise have had. It seems that had

this claim been properly listed, the creditor's objection would and should have been accepted with no proof of claim required.

When the attorney for the appellant appeared at the meeting of creditors and stated that the claim was secured the Referee was put on notice that an inquiry should be made into the accuracy of the debtor's petition. It was the debtor who was possibly and probably in error, not the creditor. The creditor had taken the precaution to enter into a contract to secure its debt. This contract was entitled to respect and should not have been ignored as it apparently was.

It does not seem right, logical or reasonable that the creditor should have been required to have taken affirmative action or lose its security through the fault of the debtor. We hold, therefore, that the appellant was not required to file a proof of claim in order to protect its security.

For the reasons stated, we conclude that the order of confirmation was improperly granted. Having reached this conclusion it is not necessary to discuss the denial of the petition for reclamation.

The District Court is reversed and the case is remanded for further proceedings in accordance with this opinion.

SHACKELFORD MILLER, Jr., Circuit Judge (dissenting).

As pointed out by the majority opinion, the fundamental issue in this case is whether the order of confirmation was properly granted. If properly granted, the plan and its provisions are binding upon the debtor and upon all creditors of the debtor, whether or not they have accepted the plan or have filed their claims. Sec. 1057, Title 11 U.S.Code. If appellant is to be treated as a secured creditor whose acceptance of the plan is necessary in order for it to be confirmed, the plan was not properly confirmed, is not binding on the appellant, and its petition for reclamation was improperly denied. Sec. 1052(1), Title 11 U.S.Code;

In re Burgemeister Brewing Co., 7 Cir., 84 F.2d 388. Compare: In re Voight-Pros't Brewing Co., 6 Cir., 115 F.2d 733.

The provisions applicable to ordinary bankruptcy proceedings are also applicable to Chapter 13 proceedings insofar as they are not in conflict therewith. Sec. 1002, Title 11 U.S.Code. It is the settled rule in the administration of a bankruptcy estate that a secured creditor, who has the security in his possession, may rely upon his security and is not required to file proof of his secured claim, but if the security is within the jurisdiction of the bankruptcy court he must file a secured claim if he wishes to retain his secured status. United States National Bank in Johnstown v. Chase National Bank, 331 U.S. 28, 33–34, 67 S. Ct. 1041, 91 L.Ed. 1320; Isaacs v. Hobbs Tie & Timber Co., 282 U.S. 734, 737–738, 51 S.Ct. 270, 75 L.Ed. 645.

Appellant was listed as a creditor and had notice of the proceedings and the purpose thereof. If the security for its claim had been in its possession, it could have relied upon its security and enforced its claim outside of the bankruptcy proceedings. But since the automobile was in the possession of the Bankruptcy Court and the official record of the court did not show or indicate that it was subject to a lien, I am of the opinion that it was the duty of the appellant to file a secured claim if it wished to participate in the bankruptcy proceedings and assert its position as a secured creditor. United States National Bank in Johnstown v. Chase National Bank, supra, 331 U.S. 28, 33–34, 67 S.Ct. 1041; De Laney v. City and County of Denver, 10 Cir., 185 F.2d 246, 251.

The issue is accordingly presented whether the statement of appellant's attorney at the meeting of creditors is to be considered as a filing of its claim so as to make effective its objection as a secured creditor to the approval of the plan. It is correct, as stated in the majority opinion, that the listing of appellant as an unsecured creditor is not conclusive, but unless issue is made with respect thereto, that is what the record

says and we are required to go by the record. Appellant had the right to raise the issue on the record by filing proof of its claim showing it to be a secured one. Failure to do so leaves appellant classified by the record as an unsecured creditor. Oral, unsworn statements by an attorney can not be accepted in lieu of proof of claim. It fails to comply in several respects with the mandatory requirements of Sec. 93, subs. a and e, Title 11 U.S.Code. Avidon v. Halpert, 2 Cir., 145 F.2d 884; In re Stylerite, Inc., D.C.N.H., 120 F.Supp. 485. Filing of a reclamation petition might be treated as filing a secured claim, but in the present case the reclamation petition was not filed until after the plan was confirmed. Appellant had notice that the plan was up for confirmation.

Unless the requirements of the statute with respect to proof of claim are complied with, there is no opportunity to contest the validity of the claim. An off-the-record assertion of a claim does not give it any validity. Even if filed in formal statutory manner, it does not automatically become a valid claim. There may be several defenses to the validity of this claim or its secured status, including such well-known defenses as fraud, invalid execution or acknowledgment of the instrument, and payment in full after elimination of invalid finance charges or usury. We can not assume that appellant's alleged secured claim is a valid one. The burden of proving a claim is upon the creditor asserting it if he wishes to participate in the administration of the estate. Sec. 93, subs. a, d and f, Title 11 U.S.Code; Gardner v. State of New Jersey, 329 U.S. 565, 573, 67 S.Ct. 467, 91 L.Ed. 504. On the record before us there is no secured creditor who is entitled to object to the confirmation of the plan.

I do not believe that notice on the part of the trustee of an alleged but unproven claim requires the trustee or the Bankruptcy Court to give consideration to such a claim in the administration of the bankruptcy estate. The burden is upon the creditor to prove his claim as

required by the statute. In the absence of such proof, the claim can not be recognized. Sec. 93, sub. n, Title 11 U.S. Code; Avidon v. Halpert, supra, 2 Cir., 145 F.2d 884; In re Stylerite, Inc., supra, D.C.N.H., 120 F.Supp. 485.

I would affirm the judgment of the District Court.