**In the Matter of Louie Jack SCOTCHEL, Bankrupt.**

**No. 903-F.**

United States District Court
N. D. West Virginia,
at Fairmont.

Sept. 30, 1959.

Michael Tomasky, Morgantown, W. Va., for creditors.

George R. Farmer, Morgantown, W. Va., for trustee in bankruptcy.

---

HARRY E. WATKINS, Chief Judge.

This is an appeal by Farmers Market, a partnership creditor of a bankrupt, from an order denying leave to file an amended proof of claim. The question in the case is whether there was anything in the record in the bankruptcy proceeding, within the six months' period for filing claims, which tended to establish a claim by the creditor against the bankrupt which might be used by the creditor as a basis for amendment of such claim after the expiration of the statutory period of six months for filing claims. The Referee made findings of fact and conclusions of law and held that the creditor had not filed a proof of claim within the statutory period and that the so-called "amendment" was presented too late for allowance as an original proof of claim. Such findings and conclusions are supported by the law and evidence and are affirmed.

Louie Jack Scotchel was adjudicated bankrupt on January 22, 1958, and the first date set for the first meeting of creditors was February 6, 1958. The six months' period for filing claims expired on August 6, 1958. The petition filed on October 8, 1958, by John Scotchel and Guy Scotchel, partners doing business as Farmers Market, and their petition for review in this proceeding correctly allege that the petitioners and claimants did not formally file in the proceeding proof of either of their two claims within the six months' period.

The first proofs of claim tendered by said partners for filing were received by the Referee on October 8, 1958, along with a petition praying that they be permitted to file their claims as amended claims and that they be given priority as landlords for one of the claims and that the other claim be filed as a common claim. The trustee objected on the ground that the claims were not timely filed, and on March 21, 1959, a second petition and another amended proof of claim was filed covering the same claims. The funds in the estate are not sufficient to pay the claims that were timely filed in the first six months' period. Testi-mony was taken upon the petition and objections which showed that the bankrupt owed the claimants for rent the amount claimed; that the two claimants were brothers of the bankrupt; that John Scotchel, one of the claimants, purchased from the trustee the fixtures and merchandise belonging to the estate of the bankrupt; that the claimants knew of the bankruptcy and had conversations with the trustee relating to their claims against the estate but did not consult the trustee as to the manner of establishing their claims, and were not advised by the trustee as to the method of doing so; and that the trustee assumed that their claims had been or would be duly filed.

The claimants took the position that within the six months' period the trustee was given by them full information as to the facts that the claims were owing; that the trustee gave to the claimants assurance that one of such claims would be paid as a priority claim for rent; that, relying on this assurance, petitioners obligated themselves on a short-term note payable to a bank with the understanding that they would immediately apply the proceeds of the priority claim toward payment of the note; that the money borrowed by them on the note was used to purchase assets of the bankrupt from the trustee; that the petitioners "honestly and sincerely felt" that they had done all that was necessary to be done toward the filing of their claims; and that these facts amounted to the filing of their claims as required by the statute, and were sufficient to enable them to file amended claims after the expiration of six months.

The Bankruptcy Act (Section 57, sub. a) provides that claims of creditors must be *in writing* under oath and (57, sub. c) shall be filed in court or with the Referee. The Chandler Act (1938) made changes in subdivision n of Section 57, 11 U.S.C.A. Sec. 93, which are particularly noteworthy. It was completely rewritten and now contains express affirmation that all claims, except as otherwise provided in the Act "shall be proved and filed" in the manner provided in Section 57. There

is also a new provision that later filed claims may share in any surplus after diligent creditors have been paid in full. Previously the law did not permit any participation by a tardy creditor. The trustee points out that all the cases cited and relied upon by petitioners were decided prior to 1938 and that the Chandler Act has established stricter requirements which make inapplicable cases involving amendment of claims under the statute as it formerly existed. A determination of this question is not essential to the decision of this case.

■■ The law has always required some sort of a claim in writing and in every case cited by petitioners there was a writing of some kind, initiated by the claimant, which showed that the creditor was asserting a claim and its nature and amount. Sometimes this writing was aided by reference to the schedules of the bankrupt, or by participation of the creditor in meetings of creditors, or in assisting the trustee in securing sale of the property subject to the creditors lien. All the cases seem to hold, before and after the Chandler Amendment, that there must be something *in the record* that shows that the creditor is asserting a claim against the estate and the nature of the claim before a late amendment is permitted, and the record to be amended must have been made during the six months' period.

Judge Parker, speaking for the Fourth Circuit Court of Appeals in Fyne v. Atlas Supply Co., 1957, 245 F.2d 107, 108, the last case decided by that Court upon this question, said:

"We agree that mere knowledge on the part of the trustee or of the referee in bankruptcy as to the existence of a claim is not sufficient basis for allowing the filing of an amended claim nor is the listing of the claim in the bankrupt's schedules sufficient. Here, however, there is much more than this. There is not only the letter of counsel for claimant to counsel for the trustee which amounts to an assertion of a right in the estate, and the participation of counsel for claimant in the first meeting of creditors, but there is also the fact that the bankruptcy proceeding itself shows upon its face that it was based upon proceedings taken by claimant for the collection of the claim."

Judge Parker then reviews prior decisions of that Court, all of which held that if there be "anything in the record in the bankruptcy case which establishes a claim against bankrupt" it may be used as a basis for filing an amended claim. See also 2 Remington on Bankruptcy, Sec. 891, page 355, where it is said:

"Some of the decisions, like that in the Kessler Case, supra [In re Kessler, 184 Fed. 51 (1910, CA NY)], intimate that a creditor is entitled to rely upon remarks or statements of the trustee, or of an agent of the trustee handling the administration, recognizing the existence of his asserted claim and intimating that it is 'all right' or under consideration, will be processed, or the like. Reported instances of this kind, however, are found only where an actual statement of claim was made in writing or becomes evident from the correspondence or the record. It is doubtful whether, as the proof of claim statute now stands, mere oral disclosure of a claim to the trustee, howsoever precise and detailed, could serve as a basis for regarding proof of claim as filed; and there is nothing in the decisions to support the view that the trustee has any authority to waive the statutory requirements as to proof and filing or that he can, by his mere acknowledgment of a claim, create an estoppel. It would appear that the most his statements can accomplish is to serve as evidence of receipt of the informal claim."

To the same effect, see 3 Collier, 14th Ed., page 165, and In re Killanna Realty & Construction Co., Inc., 2 Cir., 1934, 68 F.2d 718, 719, where Judge Augustus Hand discusses prior decisions of the Fourth Circuit and says:

"The National City Bank cannot be said to have asserted any claim in writing against the bankrupt estate either formally or informally. In our opinion, it was obliged to make some claim in writing within six months after the adjudication in order to avoid the limitation of the statute. Anything less involves too great a departure from the statutory requirement and fails to afford the bankruptcy court the means for expediting administration and promptly closing the estate which the law contemplates."

To the same effect see In re Pacific Lumber & Fuel Co., 7 Cir., 1952, 194 F.2d 995, 996, as follows:

"In other words, there must be in the record the substance of that which is asked for. The right to amend can go no further than to bring forward and make effective that which in some shape was asserted in the original claim. In re G. L. Miller & Co., 2 Cir., 45 F.2d 115, 116."

See also Avidon v. Halpert, 2 Cir., 1944, 145 F.2d 884 and Continental Motors Corp. v. Morris, 10 Cir., 1948, 169 F.2d 315, 317.

Affirmed.