In re SALVATOR BREWING CO.

(District Court, S. D. New York. April 22, 1911.)

No. 10,631.

1. BANKRUPTCY (§ 331*)—CLAIMS—PROOF—TRUSTS.

Directors of a corporation in order to furnish money for S. indorsed two notes which were discounted at a bank. The corporation executed an assignment of certain securities to M., one of the directors, to be held by him as trustee for all, as security for the indorsements. The corporation became a bankrupt, before the notes matured, and on maturity the directors equally contributed an amount necessary to pay the notes, and delivered it to M., paid the notes, and then claimed to hold the securities as trustee for the directors. The instrument by which the securities were transferred to M. in terms authorized him to do whatever was necessary to make the securities available. *Held*, that M. was thereby authorized to take any steps necessary to reimburse the directors out of the assets of the bankrupt, and his claim to the securities having failed he was authorized to file proof of claim on the indorsements as trustee for the contributing directors.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 520; Dec. Dig. § 331.*]

2. BANKRUPTCY (§ 328*)—CLAIMS—FILING—TIME—"LIQUIDATED BY LITIGATION."

The term "liquidated by litigation," as used in Bankr. Act July 1, 1898, c. 541, § 57n, 30 Stat. 561 (U. S. Comp. St. 1901, p. 3444), permitting proof of claims after a year if liquidated by litigation, applies to a case where the creditor has claimed to hold security, and has litigated that question and been defeated and thereafter attempts to prove as a general creditor.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 518; Dec. Dig. § 328.*

For other definitions, see Words and Phrases, vol. 5, p. 4175.]

3. BANKRUPTCY (§ 336*)—PROOF OF CLAIM—AMENDMENT.

Where a director of a bankrupt corporation as trustee for himself and other contributing directors, unsuccessfully prosecuted his claim to certain security for notes paid by such directors as indorsers, the evidence given in such proceeding amounted substantially to proof of the indorsers' claim against the bankrupt's estate, and was sufficient to sustain an amendment by adding the formal proofs of claim by the directors as general creditors after the expiration of a year from adjudication.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 523, 524; Dec. Dig. § 336.*]

In the matter of bankruptcy proceedings of the Salvator Brewing Company. On petition of John H. Meyer to review a referee's order denying a motion for leave to amend proof of claim. Reversed, and claim allowed.

See, also, 183 Fed. 910.

Holm, Whitlock & Scarff (Victor E. Whitlock, of counsel), for claimant John H. Meyer.

Henry A. Rubino, for trustee.

HOLT, District Judge. This is a petition to review an order of the referee denying a motion for leave to amend a proof of claim. The bankrupt company had nine directors, among whom was John

H. Meyer. Before the bankruptcy each of the directors indorsed two notes, one for $4,500, and one for $18,000, which were discounted at a bank. At the same time, the company executed an assignment to Meyer of certain securities owned by the company, to be held by Meyer, as trustee for all the directors, as security for the indorsements. The notes came due after the bankruptcy, and were paid by Meyer, the money for such payment having been contributed equally by the nine directors. The trustee in bankruptcy having contested the validity of the assignment of the securities, a reference was ordered to pass upon that question. In that proceeding it was held that the assignment was invalid. Evidence was given in that proceeding proving the indorsements by the nine directors and the payment of the notes, which evidence was not contradicted, and which clearly showed the validity of the claim of the indorsers for reimbursement. No formal proof of claim, however, was filed. After the termination of the litigation in respect to the validity of the assignment of the securities, a formal proof of claim was filed by Meyer, as trustee for the directors, for the amount which had been paid upon the indorsements. The proof of claim was objected to on the ground that it had not been filed within a year, and the claim was disallowed by the referee on that ground. Thereupon this motion was made, on the ground that the evidence given in the proceeding to establish the validity of the assignment amounted to a proof of claim, and that it could be amended by annexing to it the formal proof of claim subsequently filed. This motion was denied by the referee, and from that order this review is taken.

[1] The claim which is attempted to be proved in this case is entirely just. The company needed money. The directors obtained it by their individual indorsements. It increased by so much the assets of the brewery, and there is no just reason why the directors should not be permitted as general creditors to share in the distribution of the assets of the bankrupt. The sole grounds upon which their claim has been disallowed are (1) that Meyer could only prove for the one-ninth of the money paid which he contributed individually, and (2) that more than a year having passed after the adjudication, no proof of any kind could be filed. The trustee claims that Meyer, when he paid the notes, was a mere messenger to carry the money contributed by the nine directors; but the nine directors had previously, by an instrument of assignment, created him their trustee in respect to the securities transferred for their protection under their indorsements. Under this instrument Meyer was in terms authorized to do whatever was necessary to make the security available, and that authority carried with it, in my opinion, by implication, authority to Meyer to take any steps which might bring about the reimbursement of the directors out of the assets of the bankrupt for their payments as indorsers of the bankrupt's paper. When the notes came due, Meyer obtained the contributions of money from the indorsers, and was the person who paid the notes, and I think he paid them under his authority as trustee of the securities. The notes having been paid, he claimed to hold the securities for the reimbursement of the directors. That claim

failed, but the fact that the court held that the transfer of the securities was invalid did not affect the position of the directors as general creditors, and admittedly they had a right to share in dividends. Having that right, in my opinion, in view of the formal creation of Meyer as trustee under the instrument of assignment, and of his having acted in behalf of his fellow directors in making the payment of the notes, he was entitled to file proof of claim as trustee for such directors.

[2] But it is claimed that the proof cannot be allowed because it was not filed within a year. But in the first place the provision of the Bankrupt Act July 1, 1898, c. 541, § 57n, 30 Stat. 561 (U. S. Comp. St. 1901, p. 3444) permits claims to be proved after a year if they are liquidated by litigation. This provision has been held to apply to a case where a creditor has claimed to hold security, and has litigated that question and been defeated. It is held that in such a case the creditor may thereafter prove as a general creditor. In re Keyes (D. C.) 20 Am. Bankr. Rep. 183, 160 Fed. 763; In re Strobel (D. C.) 20 Am. Bankr. Rep. 884, 163 Fed. 787; Keppel v. Tiffin Savings Bank, 197 U. S. 356, 25 Sup. Ct. 443, 49 L. Ed. 790; Page v. Rogers, 211 U. S. 575, 29 Sup. Ct. 159, 53 L. Ed. 332.

[3] It is also claimed in this case that the evidence given on the hearing, in relation to the validity of the assignment of the securities, amounted substantially to a proof of the claim. Such evidence, of course, is not what is commonly known as a formal proof of claim, but it did prove facts which were essential to establish the claim, and indeed it was necessary, as a part of the claimant's proof in that proceeding, to establish that the notes had been paid by the indorsers, in order to show any ground for claiming to enforce the securities. I think, under the authorities, that the claim was proved in that proceeding, and that the motion made to amend the proof by adding the formal proofs of claim should be allowed. Buckingham v. Estes, 128 Fed. 584, 63 C. C. A. 20; Matter of Roeber, 127 Fed. 122, 62 C. C. A. 122.

My conclusion is that the order under review should be reversed, and the claim of Meyer as trustee be allowed.