### COTTON v. BENNETT.

### In re McKINLEY.

### No. 3247.

Circuit Court of Appeals, Fourth Circuit.
June 13, 1932.

G. Alan Garden and A. E. Bryant, both of Wheeling, W. Va. (Clyde B. Johnson, of Charleston, W. Va., and J. Bernard Handlan and Howard D. Matthews, both of Wheeling, W. Va., on the brief), for appellant.

John P. Arbenz, of Wheeling, W. Va., for appellee.

Before NORTHCOTT and SOPER, Circuit Judges, and PAUL, District Judge.

NORTHCOTT, Circuit Judge.

In April, 1928, Agra B. McKinley filed a voluntary petition in bankruptcy, and was adjudged a bankrupt in the District Court of the United States for the Northern District of West Virginia, at Wheeling.

Among the creditors listed in schedule A-2, filed by said bankrupt, was the appellee, Sallie M. Bennett, the mother of said bankrupt, the amount shown to be due the said Sallie M. Bennett, by said bankrupt, being the sum of $125,000, which was secured by a vendor's lien on the interest in certain real property situate in Lewis, Braxton, Gilmer, and Calhoun counties, W. Va., conveyed by the said Sallie M. Bennett to the said bankrupt, being all her dower right and an undivided one-fourth interest therein.

In schedule A-3 filed with said petition, the said Sallie M. Bennett is listed as an unsecured creditor of said bankrupt in the sum of $1,558.

At the first meeting of creditors of said bankrupt, held on the 5th day of June, 1928, the said Sallie M. Bennett, through her counsel, filed her proof of claim in the sum of $1,680, being the unsecured debt listed in schedule A-3, with interest thereon up to the date of the filing of said petition in bankruptcy (which claim was duly allowed by the referee in bankruptcy), and at said meeting, participated in the election of a trustee.

No formal proof of her secured claim was filed by the appellee within six months after the adjudication of the said Agra B. McKinley as a bankrupt.

On the 2d day of October, 1928, and within six months of the adjudication, the trustee for the bankrupt's estate filed his petition with the referee in bankruptcy, praying for authority to sell the real estate on which the said Sallie M. Bennett reserved a vendor's lien, at private sale, free and clear of said vendor's lien, and filed with said petition the answer of Sallie M. Bennett, consenting to such a sale. Prior to the filing of this petition, the matter of the proposed sale was discussed between the trustee and appellee on a number of occasions, and a letter from appellee to the trustee agreeing to the sale was written and filed with trustee's petition, but has been lost and does not appear in the record.

The sale, as petitioned for by the trustee, was authorized and held, but the sum realized from the sale was insufficient to pay appellee's lien, and the appellee, after the expiration of the six months' period, tendered for filing her formal proof of claim as an unsecured creditor for the balance remaining due her after the application of the funds realized on her lien. On objection by the trustee the claim was not filed. Later, Mrs. Bennett moved for a rehearing on this matter, which motion was granted, and the referee permitted the filing of the claim, and allowed it in the sum of $69,212.79. This action of the referee was reviewed by the judge below, and the order of the referee confirmed. From this action this appeal was brought.

The only question to be considered is whether there was a sufficient basis appear-

ing in the record to justify the filing of the claim as an amendment. This court has discussed this question in the case of Scottsville National Bank v. Gilmer (C. C. A.) 37 F. (2d) 227, and a collection of authorities will be found in that case.

Here, as in the Scottsville National Bank Case, supra, the claim is an equitable one, and there was ample appearing in the record to justify the filing of an amended claim after the expiration of the six months' period. The trustee knew of the claim and had talked and corresponded with appellee about it and had himself brought it to the attention of the court in the petition to sell the real estate, free from the vendor's lien; the claim was listed in bankrupt's schedule, and appellee did everything she could to aid in building up the bankrupt's estate.

Where there are enough facts appearing in the record to establish claim against the bankrupt, it may, in a proper case, be used as a basis for amendment. In re Fant, (D. C.) 21 F.(2d) 182.

Having in mind those doctrines of equity that govern bankruptcy courts, and applying the principles laid down in the Scottsville Bank Case, supra, we are of the opinion that the order of the court below was right.

Affirmed.