## In re LIPMAN.
### No. 351.

Circuit Court of Appeals, Second Circuit.
May 8, 1933.

Hungerford & Saxe, of New Britain, Conn. (Frederick B. Hungerford, of New Britain, Conn., of counsel), for appellant.

Donald Gaffney and Leo V. Gaffney, both of New Britain, Conn., for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

On February 27, 1931, A. D. Lipman filed a voluntary petition in bankruptcy, and the following day he was adjudicated a bankrupt. With his petition he filed an offer of composition of 20 per cent., and deposited with the trustee the sum of $5,100 to substantiate the offer. Thereafter Frederick A. Searle, as receiver of the Commercial Trust Company, the appellee in the present proceedings, filed specifications of objections to confirmation of the offer of composition, alleging certain false statements in writing made by the bankrupt to the company for the purpose of obtaining money on credit from the company. The specifications did not expressly state that any money was in fact obtained, but the Commercial Trust Company was therein described as "a creditor of A. D. Lipman." The company was likewise named in the list of creditors which the bankrupt filed with his petition in bankruptcy. The referee, with the approval of the District Court, rejected the offer of composition. The Acme Upholstery Company, another creditor of the bankrupt, presented to the court an offer to purchase all the assets of the estate under an agreement whereby it would pay all administration expenses, all preferred claims properly proved and allowed in full, and "a dividend of thirty (30) per cent. on each and every unsecured claim which may be properly proved and allowed against said estate." This offer was accepted by an order of the District Court. In re Lipman, 50 F.(2d) 948. The Acme Company then assigned its interest in the contract to Israel Lipman, a son of the bankrupt. Within six months following the adjudication, counsel for the purchaser asked counsel for the appellee to file proof of its claim so that the former might know how much money had to be deposited in order to cover 30 per cent. of the unsecured claims. The receiver of the Commercial Trust Company, however, filed no formal proof of claim within six months following the adjudication, apparently fearing that such a step might prejudice a possible action in fraud against the bankrupt. The purchaser deposited with the court a sum large enough to cover 30 per cent. of the unsecured claims, including that of the appellee. Out of this fund the administration expenses and the preferred claims were paid in full, and a dividend of 30 per cent. was paid on all unsecured claims allowed by the referee. About $1,300 is left in the hands of the trustee. More than six months after adjudication the receiver filed with the court a petition that the trustee be ordered to pay over to him a dividend of 30 per cent. on the company's claim. The District Court denied the relief asked for, but ruled that the specifications filed by the receiver in opposition to the bankrupt's offer of composition were sufficient to constitute the basis of a claim against the estate, which might be amended even after the lapse of six months following adjudication. Accordingly the court ordered that the petitioner be allowed fifteen days within which to file amended proof. An appeal from that order was dismissed by us in open court. In the Matter of A. D. Lipman, 57 F.(2d) 1080. Thereafter the receiver filed an amended proof of claim, a hearing was had before the referee, and the claim was allowed. From an order of the District Court confirming the order of the referee allowing the claim, this appeal was taken.

The question before us is whether the claim was filed in time and the amendment was properly allowed. Section 57n of the Bankruptcy Act, as amended May 27, 1926, 11 U. S. C. § 93 (n), 11 USCA § 93 (n),

provides that: "Claims shall not be proved against a bankrupt estate subsequent to six months after the adjudication. * * *" It is well settled by decisions of the Supreme Court and lower federal courts that this section does not bar amendments filed after the expiration of the statutory period. Hutchinson v. Otis, 190 U. S. 552, 23 S. Ct. 778, 47 L. Ed. 1179; In re Kessler (C. C. A.) 184 F. 51; In re Faulkner (C. C. A.) 161 F. 900; In re Basha (C. C. A.) 200 F. 951; In re Roeber (C. C. A.) 127 F. 122; Globe Indemnity Co. v. Keeble (C. C. A.) 20 F. (2d) 84; In re Rothert (C. C. A.) 61 F.(2d) 1. The courts have shown great liberality in allowing amendments, and have held that it is not essential that a document be styled a "proof of claim," or that it be filed in the form of a claim, if it fulfills the purposes for which the filing of proof is required. In re Fant (D. C.) 21 F.(2d) 182; In re Faulkner (C. C. A.) 161 F. 900; In re Salvator Brewing Co. (D. C.) 188 F. 522. Statements in an involuntary petition in bankruptcy (In re Fant, supra) in an application for a court order for the sale of collateral (In re Faulkner, supra), and evidence given upon a hearing to determine the validity of an assignment as against other creditors of the bankrupt (In re Salvator Brewing Co., supra) have all been held a sufficient basis for amendment of a claim after the expiration of the statutory period. We see no reason why the present case should not fall within the rule announced in these decisions. It may be that the specifications of objections to the composition were not intended as proof of a claim. But it was clear from them that the objector was a creditor with a claim against the bankrupt. The document was filed with the referee after adjudication, and sufficiently indicated a purpose to share in the estate. It would be fanciful to suggest that the creditor objected for the sole purpose of preventing the discharge which accompanies confirmation of a composition, and with no intention of protecting his interest as a creditor in the bankrupt estate. The claims of the petitioning creditor were listed in the schedules filed by the bankrupt. Some cases have held that, if it appears anywhere in the record of the bankruptcy proceedings submitted to the bankruptcy court that a person has a claim against the bankrupt, the court may allow an "amended proof of claim" to be filed after six months following adjudication have elapsed, even though there is no formal document of any sort filed by the creditor which could be made the basis of an amendment. Scottsville Nat. Bank v. Gilmer (C. C. A.) 37 F.(2d) 227; Cotton v. Bennett (C. C. A.) 59 F.(2d) 373. We do not need to go nearly so far in order to hold that the specifications of objections filed by the petitioning creditor in the present case may be made the basis of a claim.

The appellant relies largely upon our decision in the case of In re G. L. Miller & Co., 45 F.(2d) 115. There the original claim disclosed a cause of action for money had and received by the bankrupt for the use of the claimant or of persons to whose rights the claimant was subrogated. It was held that this claim could not be amended more than six months after adjudication so as to include a distinct cause of action upon a written agreement of indemnity which was in no way expressed in the original claim. But here the amended claim does not depart from the cause of action upon which was based the claim set forth in the schedules and referred to by the statement in the objections that the objector was a creditor of the bankrupt. The objections may suggest a further cause of action in fraud, but they do not limit the claim to this theory. The items listed in the bankrupt's schedules and the specifications must have sufficiently apprised the purchaser of the nature of the claim.

The circumstances of the case render it particularly appropriate that an amendment be allowed. The terms of the purchaser's offer contemplated the payment of a dividend of 30 per cent. to all unsecured creditors, the bankruptcy court confirmed the sale under this agreement, and all the other creditors have received their dividends. Since they are entitled to no more, they are in no way interested in the disposition of the surplus remaining in the hands of the trustee. It is true that the estate is in the usual course of administration in bankruptcy and the proceedings have not been terminated by confirmation of a composition, so that section 57n (11 USCA § 93 (n) is applicable. Cf. In re Silk (C. C. A.) 55 F.(2d) 917. But the terms of the sale are such, inasmuch as each creditor receives a fixed dividend on his claim rather than an indeterminate fraction of the estate, that the administration has come to be closely analogous to the distribution of a fund in composition proceedings. No other creditor will be injured by allowance of the amendment requested. Cf. Nassau Works v. Brightwood Co., 265 U. S. 269, at page 272, 44 S. Ct. 506, 68 L. Ed. 1013. Considerations of justice and equity will best be served by allowing the amendment.

Order affirmed.