## In re QUALITY PUBLICATIONS, Inc.

District Court, S. D. New York.
May 21, 1935.

Charles Seligson, of New York City, for petitioner.

Nathan B. Fogelson, of New York City, for trustee.

GODDARD, District Judge.

This is a petition to review an order of the referee in bankruptcy denying petitioner's motion for leave to file an amended proof of claim. The alleged proof of claim, which petitioner now seeks to amend, is contained in the record of the adjourned first meeting of creditors of the bankrupt held on May 12, 1932, which was less than six months after the date of the filing of the petition in bankruptcy. At this meeting, William E. Harrs, an officer of the Isaac Goldmann Company, the present petitioner, was called as a witness by the trustee and duly sworn as a preliminary to possible reclamation proceedings which might be brought by the trustee to recover a quantity of paper previously delivered by the bankrupt to the petitioner for printing of the petitioner's publication "The Thinker." The pertinent testimony is as follows:

"Direct examination by Mr. Fogelson (attorney for the trustee):

"Q. Where do you reside? A. Queens Village, Long Island.

"Mr. Fogelson: I offer in evidence a ledger sheet produced by this witness relating to the account of Quality Publications, Inc. (Received in evidence and marked 'Trustee's Exhibit I, May 12, 1932.')

"Q. Mr. Harrs, you know of your own knowledge that the Isaac Goldmann Company has in its possession on its premises or within its control a stock of paper belonging to and the property of the bankrupt?

"Mr. Shagan (attorney for petitioner): We will concede that the Isaac Goldmann Company has in its possession some paper which was delivered for use in

652

the publication of a magazine called 'The Thinker' belonging to Quality Publications; but as to whose paper it is, we don't know.

"Q. Do you adopt the answer and the concession made by counsel? A. I do.

"Q. You are admitting that you have no claim to that paper? A. Not with the exception of—what is your claim to that? Have you any claim on that paper?

"Q. With the exception of storage charges as you were about to say. A. I don't know whether that is our paper—as an offset to what they owe us.

"Q. Mr. Harrs, that paper was delivered to you just for the purpose of the printing of the publication 'The Thinker'? A. Yes, that is true.

"Q. And you did not work on that paper other than printing that publication? A. We might have cut it.

"Q. There might be some specific rate on the cutting? A. And storage.

"Q. And storage? A. Yes.

"Q. And if you used paper in rolls there wouldn't be any possibility of cutting? A. Not on a roll, no.

"Q. Mr. Harrs, you are to furnish me with a statement of just how much stock you have on hand? A. That I will give you, and I will give you a photostatic copy of the ledger sheet.

"Mr. Fogelson: I offer in evidence whatever documents counsel has produced. (Documents referred to received in evidence and marked as one exhibit 'Trustee's Exhibit 2, May 12, 1932.')"

Exhibit No. 1 received in evidence is a photostatic copy of petitioner's, Isaac Goldmann Company, ledger sheet setting forth the account of the bankrupt with the Isaac Goldmann Company, showing a balance due the petitioner of $7,034.-95.

Petitioner urges that the above constituted a sufficient filing of a proof of claim to support an amendment. The trustee contends to the contrary.

■ A claim against a bankrupt shall not be proved subsequent to six months after adjudication, with the exception of claims in liquidation and those in behalf of infants and insane persons. Section 57n of the Bankruptcy Act, as amended by Act May 27, 1926 (11 USCA § 93 (n). But when proof of claim has been filed within the period of six months, it may be amended later. Hutchinson, Chicago, B. & K. C. R. Co. v. Otis, 190 U. S. 552, 23 S. Ct. 778, 47 L. Ed. 1179.

"In some form the substance of a claim must have been made within the proper time, but if this has been done amendments may be made afterward. Whether formal or informal, a claim must show (as the word itself implies) that a demand is made against the estate, and must show the creditor's intention to hold the estate liable." In re Hotel St. James Co. (C. C. A. 9) 65 F.(2d) 82, 83.

■ The trend of the decisions is in favor of the greatest liberality in the allowance of the filing of amended proofs of claim if there is anything in the record to support it. Scottsville National Bank v. Gilmer, 37 F.(2d) 227 (C. C. A. 4). The assertion of a claim in the proceeding against the bankrupt, even though not intended as a proof of claim if made in time, is enough to serve as a basis for an amended proof of claim. In re Lipman, 65 F.(2d) 366 (C. C. A. 2).

In Re Rothbell (D. C.) 6 F. Supp. 244, where in the verification of a petition for examination of the bankrupt the petitioner described himself as a creditor, this was held to be a sufficient proof of claim to support the filing of an amended proof of claim more than a year after adjudication.

■ In the case at bar the officer of the creditor corporation during the course of his testimony states that the bankrupt owed his company money, and that "I will give you a photostatic copy of the ledger sheet," which he did, and it was received in evidence. The referee takes the view that this was not an assertion of the claim by the creditor, as it was the attorney for the trustee and not the creditor or his attorney who actually offered the ledger sheet in evidence. But this ledger sheet was produced and represented by the witness, an officer of the petitioner, as a correct statement of the account between the Isaac Goldmann Company and Quality Publications, Inc., the bankrupt, and it showed a balance due the Goldmann Company from Quality Publications, Inc., of $7,034.95. It seems to me that it is of no great importance

whether, under the attending circumstances, it was actually offered in evidence by the debtor or by the creditor. I think it is clear from what occurred and appears in the record that Isaac Goldmann Company claimed that money was due it from the bankrupt and that the amount was indicated by the ledger sheet. It claimed the relationship of creditor and debtor. In re Salvator Brewing Co. (D. C.) 188 F. 522, affirmed (C. C. A.) 193 F. 989, it was held that evidence given upon a hearing to determine the validity of an assignment may be a sufficient proof of claim to support a later amendment.

The facts in the case at bar come within the rule as stated in Re Lipman, 65 F.(2d) 366 (C. C. A. 2), and in Re Rothbell (D. C.) 6 F. Supp. 244. See, also, In re Roeber, 127 F. 122 (C. C. A. 2); In re Fant (D. C.) 21 F.(2d) 182.

The order of the referee is reversed, and leave to amend the proof of claim is granted.