## In re WECO EQUIPMENT, Inc.
### No. 41750.

District Court, E. D. New York.
May 17, 1944.

Abraham O. Chasser, of New York City, (Judith Y. Kirschenbaum, of New York City, of counsel), for Public Operating Corporation, creditor.

Harry LeRoy Schulman, of Brooklyn, N. Y. (Besse E. Kessler, of Brooklyn, N. Y., of counsel), for trustee.

MOSCOWITZ, District Judge.

Petitioner applies for review of an order of the referee which denied to petitioner the status of a general creditor of the bankrupt estate.

The debtor was adjudicated a bankrupt on November 29, 1941. On December 5, 1941, the following letter was sent by the attorneys for an assignor of the petitioner to the referee:

"According to our records, Whitehall Equipment Co. Inc. is a creditor of Weco Equipment, Inc., bankrupt. As we are now conducting an examination of the books and records of Whitehall Equipment Co. Inc., we cannot at this time file a claim against Weco Equipment Co. However, as soon as our examination is completed and we ascertain the true situation with respect to the claims of Whitehall Equipment Co. Inc. against Weco Equipment Inc., we shall file a claim as the facts may warrant, on behalf of the assignee of Whitehall Equipment Co. Inc. against Weco Equipment Inc., the bankrupt.

"Please accept this letter as a notice of claim against the bankrupt estate to be subsequently amended by the filing of a formal, written proof of claim."

The first meeting of creditors was held on December 11, 1941. On November 15, 1943, before any distribution of the estate had been made, petitioner filed with the referee a formal proof of claim, setting forth an obligation of the bankrupt to Whitehall Equipment Co. Inc. and thereafter assigned to petitioner by mesne assignments. The referee refused to accept this proof of claim on the ground that the time within which it could be filed had long since expired.

Section 57 of the Bankruptcy Act, 11 U.S.C.A. § 93, deals with the requirements of proofs of claim. The elements are set forth in subdivision a as follows:

"A proof of claim shall consist of a statement under oath, in writing and signed by a creditor, setting forth the claim; the consideration therefor; whether any and, if so, what securities are held therefor; and whether any and, if so, what payments have been made thereon; and that the claim is justly owing from the bankrupt to the creditor."

Subdivision n requires that "* * * all claims provable under this title * * * shall be proved and filed in the manner provided in this section", and that proofs of claim must be filed within six months after the first meeting of creditors or they will be disallowed.

It has been established that the court has no power to accept a late filing or to extend the time for filing after it has expired. (See opinion of this Court in In re 74 Knowles Street Corporation, 52 F.Supp. 715, and cases cited therein). It has been equally well established that the time limitation does not bar an amendment after the six months' period of a valid proof of claim which was filed within that period. Hutchinson v. Otis, 190 U.S. 552, 23 S.Ct. 778, 47 L.Ed. 1179; In re Lipman, 2 Cir., 1933, 65 F.2d 366; In re Kessler, 2 Cir., 1910, 184 F. 51.

The only question to be decided on this application is whether the letter, which was sent to the referee within the prescribed period for the filing of proofs of claim, is

to be construed as a proof of claim so as to be capable of amendment after the period had expired.

■ Despite the precise language of the statute as to what is required for a proof of claim, i. e., that it should be in writing, under oath, signed by the creditor and state the consideration, the courts have repeatedly indulged a liberality in permitting amendments which would appear to negate completely the requirements imposed by Congress. Assertions of claims which have been defective in substantial particulars, judged by the statutory standard, have been amended after the expiration of the prescribed period and upheld by the courts as entitling the claimant to be considered a general creditor of the estate.

The case of In re Lipman, supra, [65 F.2d 368], collates the decisions in point and is binding on this Court in the present determination. In holding that specifications of objections to a proposed composition might be amended, the Court stated:

"The courts have shown great liberality in allowing amendments, and have held that it is not essential that a document be styled a 'proof of claim,' or that it be filed in the form of a claim, if it fulfill the purpose for which the filing of proof is required (cases cited). Statements in an involuntary petition in bankruptcy (case), in an application for a court order for the sale of collateral (case), and evidence given upon a hearing to determine the validity of an assignment as against other creditors of the bankrupt (case) have all been held a sufficient basis for amendment of a claim after the expiration of the statutory period. * * * It may be that the specifications of objections to the composition were not intended as proof of a claim. But it was clear from them that the objector was a creditor with a claim against the bankrupt. The document was filed with the referee after adjudication, and sufficiently indicated a purpose to share in the estate. * * * The claims of the petitioning creditor were listed in the schedules filed by the bankrupt. Some cases have held that, if it appears anywhere in the record of the bankruptcy proceedings submitted to the bankruptcy court that a person has a claim against the bankrupt, the court may allow an 'amended proof of claim' to be filed after six months following adjudication have elapsed, even though there is no formal document of any sort filed by the creditor which could be made the basis of an amendment. Scottsville Nat. Bank v. Gilmer, 4 Cir., 37 F.2d 227; Cotton v. Bennett, 4 Cir., 59 F.2d 373."

■ Weco Equipment Inc., the bankrupt, listed Whitehall Equipment Co. Inc. as a creditor in its schedules to an amount greater than that now claimed by the assignee of the obligation. The letter sent to the referee, though grossly failing to meet the demands of the statute, must nevertheless be acknowledged as evidencing the purpose to share in the estate and the referee was aware of it. While this Court is of the opinion that such informal and uncertain indications of petitioner's claim to be a creditor should not be held to be a compliance with the statute and should not entitle him to be considered a general creditor in the estate, the conclusion is inescapable that the letter here offered as the basis for late amendment is at least as substantial compliance as the claims in many of the cases in which amendment was allowed. Precedent requires that the letter be construed to be a sufficient proof of claim and that the formal proof of claim filed on November 15, 1943, be allowed as a timely amendment.

The cases relied on by the trustee are not compelling authority to the contrary, as indicated by the two most strongly urged. In Tarbell v. Crex Carpet Co., 8 Cir., 90 F.2d 683, the letter to the referee was written by attorneys for a party who was then a plaintiff in an action against the bankrupt and merely inquired of the referee whether the petition was one in straight bankruptcy or under 77B. No indication whatever was given that a claim was or would be asserted against the estate. In the case of In re Thompson, 3 Cir., 227 F. 981, the letter which it was later sought to amend could not have been construed as a proof of claim no matter how fully it complied with the statute because it was sent to a temporary receiver before adjudication when there was as yet no estate.

The referee's order is reversed. Settle order on notice.