**In the Matter of GIBRALTOR AMUSE-MENTS, LTD., Bankrupt.**

**No. 60B–161.**

United States District Court
E. D. New York.

May 8, 1962.

See also 187 F.Supp. 931.

Close, Griffiths, McCarthy & Gaynor, White Plains, N. Y., for National Bank of Westchester; William V. Cuddy, White Plains, N. Y., of counsel.

Chadbourne, Parke, Whiteside & Wolff, New York City, for The Wurlitzer Co., and Wurlitzer Acceptance Corp.; Edward R. Neaher, Edward C. McLean, Jr., New York City, of counsel.

Joseph Jaspan, Brooklyn, for trustee.

BRUCHHAUSEN, Chief Judge.

The petitioning creditors seek to review the order of the Referee in Bankruptcy, Hon. Louis J. Castellano. The said order permitted the National Bank of Westchester, White Plains, hereinafter called the Bank, to file an amended proof of claim, nunc pro tunc.

The said creditors, including The Wurlitzer Company, filed an involuntary petition in bankruptcy against Gibraltor Amusements, Ltd., on March 18, 1960. It was finally adjudged bankrupt on August 19, 1960. The first meeting of creditors took place on September 7, 1960. The alleged proof of claim of the Bank was mailed to the Receiver on March 31, 1960, prior to the adjudication in bankruptcy. The Bank by notice of motion dated February 1, 1962 sought an order permitting it to file said proof of claim herein nunc pro tunc as of March 1, 1961 on the grounds of substantial compliance with the statute. The Referee granted the motion and the petitioning creditors seek a review of that order.

The applicable statute, Section 57, sub. n of the Bankruptcy Act (11 U.S.C.A. § 93) provides in part:

> "Except as otherwise provided in this title, all claims provable under this title, including all claims of the United States and of any State or subdivision thereof, shall be proved and filed in the manner provided in this section. Claims which are not filed within six months after the first date set for the first meeting of creditors shall not be allowed * *."

It is clear and well settled that the time to file a claim commences to run from the date set for the first meeting of creditors. The rule is plainly stated in Collier On Bankruptcy, Volume 3, 14th Edition, at page 378:

> "The weight of authority considers the statutory six months' period as mandatory and immutable. 'This

is a statute of limitations. It is even more. It is a prohibition. It is peremptory.'" See cases cited in footnote 8.

At page 381 it is further stated:

"In allowing for extension of the time to file governmental tax claims, and in allowing the belated filing of proofs in cases where there is a surplus after all the other creditors have been paid in full, the Act unmistakably implies that under no circumstances other than those specifically referred to in the statute may the court admit a claim to untimely proof, but that it is under a duty to disallow it, with no power to substitute equitable considerations for the manifest intent of Congress." See cases cited in footnotes 16 and 17.

The Act expressly provides that, in order to be allowed a claim must be filed within the statutory period. Collier in discussing this at page 385 states:

"It has been seen that in this respect a rather liberal interpretation prevails, treating various forms of asserting a claim as equivalent to filing it. Thus a presentation of facts before the court, establishing the existence of a valid claim against the bankrupt estate, has been held to be a sufficient compliance with the requirement that a claim must be filed within the period fixed by § 57n. As long as the bankruptcy court has on its records the clear assertion by the creditor of his claim against the estate, it will ordinarily deem the minimum of formality complied with so as to permit an amendment even after the statutory period has elapsed in order to secure a full satisfaction of the statutory requirements." See cases cited in footnotes 3 and 4.

The Bank at page 7 of its brief earnestly urges this Court refer to In re Lipman, 2 Cir., 65 F.2d 366. A careful reading of that case discloses certain exceptions wherein the Court allowed amendments to be filed after the statutory period. However, that case does not aid the Bank

and is not against the weight of authority because in the language of Judge Augustus N. Hand at page 368 of 65 F.2d, he held in part:

"The document was filed with the referee after adjudication, and sufficiently indicated a purpose to share in the estate."

That case is distinguishable on other grounds presently covered by Section 57, sub. n.

 The Bank did not file its proof of claim within the statutory six month period commencing on September 7, 1960, and, therefore, this Court lacks power to grant its application.

The order of the Referee is reversed.

Submit order.