### In re The FLOAT, INC., Debtor.

### Bankruptcy No. 92–01140.

United States Bankruptcy Court, N.D. New York.

Nov. 18, 1993.

---

Carolyn Cooley, Utica, NY, Trustee.

Rossi, Murnane, Balzano & Hughes (Thomas P. Hughes, of counsel), Utica, NY, for J.W. Bradley Const., Inc.

## MEMORANDUM–DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

STEPHEN D. GERLING, Bankruptcy Judge.

Presently before the Court is an objection by Carolyn Cooley, Chapter 7 Trustee ("Trustee"), to the allowance of the claim of J.W. Bradley Construction, Inc. ("Bradley") as being untimely filed. Bradley cross-moves for an order enlarging the time to file its claim *nunc pro tunc* so as to permit it to participate in the distribution of the estate pursuant to § 726(a)(2) of the Bankruptcy Code (11 U.S.C. §§ 101–1330) ("Code").

The Court heard oral argument on August 24, 1993 at its regular motion term held in Utica, New York, and the matter was submitted for decision the same day.

## JURISDICTION

The Court has jurisdiction over the parties and subject matter of this core proceeding pursuant to 28 U.S.C. §§ 1334 and 157(a), 157(b)(1), 157(b)(2)(A), (B) and (K).

## FACTS

On April 6, 1992, The Float, Inc. ("Debtor") filed a voluntary petition ("Petition") for relief under Chapter 7 of the Code. Schedule D of the Petition lists Bradley as an unsecured creditor with a disputed claim in the amount of $44,904.89. On or about April 13, 1992, a notice of commencement of the case was sent to Bradley instructing it not to file a proof of claim "unless you receive a court notice to do so." At the time, it appeared that there were no assets available for distribution to unsecured creditors. Subsequently, the Trustee proposed to sell certain real property of the Debtor. Bradley filed an objection to the sale on June 23, 1992, on the grounds that the sale price was inadequate and would be insufficient to pay the unsecured creditors. In its affidavit ("Affidavit") in support of its objection, Bradley stated that it had received a judgment in state court in the amount of $44,904.89, which had been voided by Order of this Court on June 12, 1992, relegating Bradley to a position of an unsecured creditor of the Debtor. Despite the opposition, the Court approved the sale of the real property by Order dated July 1, 1992. A notice was sent by the Clerk of the Bankruptcy Court ("Clerk") on July 15, 1992, informing creditors that in order to participate in any distribution, they were required to file a proof of claim on or before October 13, 1992 ("Bar Date"). A Certificate of Mailing ("Certificate"), signed by the Deputy Clerk, is attached to the mailing matrix used by the Clerk in sending out the notices. Although correctly listed on the mailing matrix, Bradley alleges that it did not receive the notice. On June 24, 1993, approximately nine months after the Bar Date, Bradley filed a proof of claim.

## ARGUMENTS

Relying on the decisions and rationale of the courts in *United States v. Cardinal Mine*

*Supply, Inc.,* 916 F.2d 1082 (6th Cir.1990) and *In re Hausladen,* 146 B.R. 557 (Bankr. D.Minn.1992), Bradley makes the argument that the failure to file a proof of claim in a timely manner is not a basis for disallowing its claim in light of the fact that § 726(a) of the Code expressly permits the late filing of claims.

Secondarily, Bradley asserts that although it had knowledge of the Debtor's bankruptcy case, it did not have actual notice of the Bar Date for filing its proof of claim. Bradley argues that due process requires that as a creditor without notice of the Bar Date, it should be permitted to file a claim *nunc pro tunc* on a par with timely filed claims. In further support of its argument, Bradley points out that as there has been no distribution of assets, the rights of other creditors would not be prejudiced should it be allowed to file its proof of claim *nunc pro tunc.*

Finally, Bradley asserts that because it had no notice of the Bar Date, it is in the same situation as a creditor who has no notice of the case and should be afforded the protection of § 726(a)(2)(C) of the Code. This would permit it to be paid *pro rata* with other allowed unsecured creditors.

The Trustee takes the position that since the last day for filing a proof of claim was October 13, 1992, and Bradley did not file its claim until June 24, 1993, its claim should be disallowed.

## DISCUSSION

The Court may issue an order, process or judgment that is necessary or appropriate to carry out the provisions of the Code. 11 U.S.C. § 105(a). Section 105(a) of the Code expressly authorizes the Court to act *sua sponte* in appropriate circumstances. A review of this case and the documents filed therein leads the Court to conclude that such action is warranted. While Bradley moves for an order enlarging the time to file its claim *nunc pro tunc,* in the Court's view, the more appropriate issue to be addressed is whether there was an informal proof of claim filed in this case prior to the Bar Date which would permit recovery pursuant to § 726(a)(2) of the Code.

In raising the issue *sua sponte,* the Court takes judicial notice of the following:

1. On June 23, 1992, Bradley filed a written objection to the sale of certain real property by the Trustee.

2. The objection was filed prior to the Bar Date of October 13, 1992.

3. The objection states that a judgment in the amount of $44,904.89 had been awarded to Bradley on February 13, 1992 by the New York State Supreme Court, which was later successfully avoided by the Trustee pursuant to an Order of this Court entered June 12, 1992.

4. The objection further states that as a result of the judgment lien having been avoided, Bradley "was relegated to the position of an unsecured creditor of the debtor." *See* Affidavit, ¶ 2 and ¶ 3.

Courts in the Second Circuit have long recognized the validity of informal proofs of claim. *See In re Lipman,* 65 F.2d 366 (2d Cir.1933); *In re Gibraltor Amusements, Ltd.,* 315 F.2d 210 (2d Cir.1963); *In re W.T. Grant Co.,* 53 B.R. 417 (Bankr. S.D.N.Y.1985); *In re Nutri*Bevco, Inc.,* 117 B.R. 771 (Bankr.S.D.N.Y.1990). In order for a document to constitute an informal proof of claim it must be in writing and filed with the bankruptcy court. *See W.T. Grant, supra,* 53 B.R. at 422. Furthermore, it must set forth the nature and amount of the claim and the intent on the part of the claimant to hold the debtor liable. *Id.* at 421; *see also Nutri*Bevco, supra,* 117 B.R. at 789.

In its Affidavit, Bradley states that its claim is based on a judgment lien in the amount of $44,904.89. Furthermore, by indicating that it has been "relegated to the position of an unsecured creditor of the debtor," it is clear to the Court that Bradley intended to hold the Debtor liable. Indeed, it is highly unlikely that Bradley objected for the sole purpose of preventing the sale with no intention of protecting its interest as an unsecured creditor of the Debtor. *See generally Lipman, supra,* 65 F.2d at 368; *see also Sun Basin Lumber Co. v. United States,* 432 F.2d 48, 49 (9th Cir.1970). The court in *Sun Basin* held that an objection to a trustee's petition to sell property filed by a secured creditor constituted an informal claim in that

the intention to collect from the estate was "implicit in the recitations that the debt existed." *Id.* Accordingly, it is the view of this Court that an informal proof of claim was timely filed by Bradley on June 23, 1992.

 An informal proof of claim filed in the bankruptcy court is subject to amendment subsequent to the bar date. *W.T. Grant, supra,* 53 B.R. at 421. A tardy formal proof of claim may qualify as an amendment to an informal proof of claim. *See In re Wilbert Winks Farm, Inc.,* 114 B.R. 95, 99 (Bankr. E.D.Pa.1990). Furthermore, the courts have held that a formal claim, amending the prior informal claim, relates back to the date the informal claim was filed for purposes of § 726(a). *Id. see also In re Holm,* 931 F.2d 620, 622 (9th Cir.1991). In permitting the amendment of the informal proof of claim previously filed by Bradley, vis-a-vis its Affidavit, the Court emphasizes that it is not approving the filing of an entirely new claim out of time. *See W.T. Grant, supra,* 53 B.R. at 422. In the case *sub judice,* Bradley's Affidavit referenced an unsecured claim in the amount of $44,904.89. This is the same amount that appears in its *formal* proof of claim filed with the Clerk's office on June 24, 1993.

 The equitable power provided for pursuant to § 105(a) of the Code, which allows the Court to raise the issue of an informal proof of claim *sua sponte,* is not applied without due consideration of the rights of all parties. The Court notes that there has been no distribution of assets in this case. Furthermore, both the Debtor and the Trustee were well aware of Bradley's claim, as evidenced by the fact that the Debtor listed the claim in Schedule D of its bankruptcy petition. There is also the fact that the Trustee previously was successful in reducing the status of Bradley's judgment lien to an unsecured claim against the estate. The Court is hard pressed to find any basis for arguing that its decision in any way unfairly prejudices the parties.

 Accordingly, we conclude that the tardy formal proof of claim filed by Bradley on June 24, 1993, simply amends the informal proof of claim, which was timely filed on June 23, 1992. Bradley's claim is, therefore, entitled to a second level priority pursuant to § 726(a)(2) for purposes of distribution of the estate, and the motion of the Trustee seeking disallowance of Bradley's claim is hereby denied.

IT IS SO ORDERED.