**In re ELMONT ELECTRIC CO., INC., Debtor.**

**Bankruptcy No. 095–70903–511.**

United States Bankruptcy Court, E.D. New York.

March 11, 1997.

Zinker & Gelfand, Smithtown, New York by Edward Zinker, for Debtor.

Allan B. Mendelsohn, Chapter 7 Trustee, Syosset, New York.

Helfand & Helfand, New York City by Scott Lanin, for European American Bank.

### MEMORANDUM DECISION AND ORDER

MELANIE L. CYGANOWSKI, Bankruptcy Judge.

(Motion to Extend Time to File Proof of Claim)

By Notice of Presentment, dated February 12, 1997, European American Bank ("EAB") seeks an order extending the time within which it may file a proof of claim. The Presentment was served upon all creditors and parties in interest, including the Chapter

7 Trustee. No opposition or objection was filed by any party. Notwithstanding the lack of opposition, the Court declines to grant the relief requested for the reasons set forth herein.

The salient facts are not in dispute. The Debtor filed a voluntary petition seeking relief under Chapter 7 on April 6, 1995. Schedule D listed EAB as a secured creditor having a lien on all of the Debtor's assets and a claim in the sum of $71,500. Even though the petition indicated that funds would be available for unsecured creditors, the Clerk issued a "no-asset" notice to all creditors and parties in interest.[1] EAB was among those receiving this notice.

The Chapter 7 Trustee thereafter gave notice of his intention to sell at a public auction certain property of the Debtor, including its inventory, fixtures, machinery, equipment, furniture and supplies. A hearing was held on June 7, 1995 with respect to the Trustee's motion, which was granted. An Order, dated June 14, 1995, was entered authorizing the proposed sale of the Debtor's assets at a public auction. The sale realized the gross sum of $35,878.

By application, dated August 25, 1995, the Trustee sought, and was granted (see Order, dated September 6, 1995), permission to distribute to EAB the net proceeds from the sale of the Debtor's assets. In his application, the Trustee affirmed that

Substantially all of the physical assets of the debtor corporation were subject to a valid and duly perfected lien by European American Bank.... While not all of the assets were subject to the security interest of EAB, most of them were and by this application the trustee seeks Court approval to make an interim distribution to EAB for their secured claim.

By letter, dated June 25, 1996 (almost one year after the distribution to EAB), the Trustee advised the Clerk of the discovery of assets and requested that notice issue to the "creditors pursuant to Bankruptcy Rules 3002(c)(5) and 2002(f)(3) advising them of the need to file a proof of claim in order for them to participate in any eventual distribution." Consequently, on June 30, 1996, the Clerk caused a notice titled "Notice of Discovery of Assets" (the "Asset Notice") to be served upon all creditors and parties in interest, including EAB. The Asset Notice states, in pertinent part:

It now appears that the payment of a dividend may be possible. Creditors must now file claims in order to share in any distribution from the estate. Claims must be filed with the Clerk's office at the location given below....

Claims must be filed on or before September 26, 1996.

Creditors who have previously filed a claim in this case need not file again.

Claims which are not filed on or before September 26, 1996 will not be allowed.

See Asset Notice, dated June 28, 1996.

Despite this notice, EAB did not file a proof of claim. In its pending motion, EAB seeks permission to file its claim after the bar date, contending that:

- its failure to file a proof of claim was inadvertent;

- a secured creditor is not required to file a proof of claim, relying upon 11 U.S.C. §§ 502 and 506(d);

- the existence and validity of EAB's claim and lien have been known by all parties in interest and not challenged by anyone;

- the Court authorized the Trustee to make an interim distribution to EAB because of its secured interest in the property that was liquidated;

- Bankruptcy Rule 9006(b)(1) permits the Court to enlarge the time for cause shown and, relying upon *Pioneer Inv. Services Co. v. Brunswick Associates,* [507 U.S. 380] 113 S.Ct. 1489 [123 L.Ed.2d 74] (1993), urges that late filings may be accepted when caused by inadvertence, mistake or carelessness;

---

1. When a debtor indicates on the Summary of Schedules that its liabilities exceed its assets, the Clerk will issue a "no-asset" notice regardless of the debtor's statement that there are assets available for distribution. In this instance, the Debtor's Summary of Schedules shows that its total liabilities ($539,493) exceeds its total assets ($234,500).

- the length in the delay (were EAB permitted to late file its claim) is insignificant given that "nothing has occurred in this case since the bar date which would be adversely affected by the filing of EAB's proof of claim;" and
- the relief requested by EAB is "essentially a formality which is ministerial in nature."

*See* Motion of EAB, dated February 12, 1997.

Despite EAB's citation to *Pioneer* (a Chapter 11 case), it appears to have overlooked the Supreme Court's statement therein that

The "excusable neglect" standard of rule 9006(b)(1) governs late filings of proof of claim in Chapter 11 cases *but not in Chapter 7 cases.*

507 U.S. at 389, 113 S.Ct. at 1495 (emphasis added). In footnote 4 of the *Pioneer* decision, the Supreme Court further points out:

One of the time requirements listed as excepted in Rule 9006(b)(3) is that governing the filing of proofs of claim in Chapter 7 cases. Such filings are governed exclusively by Rule 3002(c). See Rule 9006(b)(3); *In re Coastal Alaska Lines, Inc.,* 920 F.2d 1428, 1432 (CA9 1990). By contrast, Rule 9006(b) does not make a similar exception for Rule 3003(c), which, as noted earlier, established the time requirements for proofs of claim in Chapter 11 cases.

507 U.S. at 389, n. 4, 113 S.Ct. at 1495, n. 4.

Similarly, EAB quotes from Bankruptcy Rule 9006(b)(1) as follows: "the court for cause shown may at any time in its discretion ... on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." However, EAB omits from its quotation the language which immediately precedes the passage: *"Except as provided in paragraphs (2) and (3) of this subdivision ..."* (emphasis added). Paragraph (3) of Rule 9006(b) states that the "court may enlarge the time for taking action under Rules ... 3002(c) ... only to the extent and under the conditions stated in those rules."

Bankruptcy Rule 3002(c)(5) provides:

In a chapter 7 liquidation ..., a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to sect. 341(a) of the Code, except as follows:

(5) if notice of insufficient assets to pay a dividend was given to creditors pursuant to rule 2002(e), and subsequently the trustee notifies the court that payment of a dividend appears possible, the clerk shall notify the creditors of that fact and that they may file proofs of claim within 90 days after the mailing of the notice.

In other words, where, as here, the Clerk first issues a "no-asset" notice and thereafter, at the request of the trustee, issues an "asset notice," together with a bar date, a creditor is obliged to file a proof of claim in order to participate in the distribution of the assets of an estate. By the express words of Bankruptcy Rule 9006(b)(3), the Court may not enlarge that time period. The concept of excusable neglect "cannot be imported into the chapter 7 claims context." *In re Cole,* 189 B.R. 40, 51 (Bankr.S.D.N.Y.1995).

EAB correctly points out that a secured creditor need not file a proof of claim at all and may simply elect to look to its security, instead of to the estate, for payment of its debt, since "[o]rdinarily, liens and other secured interests survive bankruptcy." *Farrey v. Sanderfoot,* 500 U.S. 291, 297, 111 S.Ct. 1825, 1829, 114 L.Ed.2d 337 (1991). However, the filing of a proof of claim is a prerequisite to receiving any distribution *from the estate. See, e.g.,* 11 U.S.C. § 502(a) ("A claim or interest, proof of which is filed ... is deemed allowed ..."); Fed. R.Bankr.P. 3009 ("In a chapter 7 case ... checks shall be made payable to and mailed to each creditor whose claim has been allowed"). Although Bankruptcy Rule 3002(a) only requires unsecured creditors and equity security holders to file proofs of claim in order for their claims or interests to be allowed, neither Bankruptcy Rule 3002(c)(5) nor the "Asset Notice" is limited in this fashion. To the contrary, both Bankruptcy Rule 3002(c)(5) and the "Asset Notice" refer simply to "creditors" or "claims." *See* Bankruptcy Rule 3002(c)(5) ("the clerk shall notify the creditors of that fact [the discovery of assets] and that they may file proofs of claim within 90 days after the mailing of the no-

tice"); *see also* Asset Notice ("Creditors must now file claims in order to share in any distribution from the estate. ... Claims which are not filed on or before September 26, 1996 will not be allowed").

■ For these reasons, the Court concludes that where a secured creditor elects to file a proof of claim in order to share in a distribution from the estate, it must do so within the time limits set forth in the Rules. *Cf. In re Macias*, 195 B.R. 659, 663 (Bankr. W.D.Tex.1996) ("the deadline for filing secured claims in this division shall be the same as the deadline for filing unsecured claims") (Chapter 13 case). Under EAB's theory, any secured or scheduled creditor would not be required to file a proof of claim in response to an Asset Notice, and yet could share in the assets of the estate. Such an interpretation would negate the essence of the bar date established by the Asset Notice. Further, Congress recently amended 11 U.S.C. § 502 to make clear that tardiness is a ground to disallow a claim, except as provided in Section 726, which allows *unsecured* creditors to share in a distribution though their claims have been tardily filed.[2] The difference in treatment of secured creditors and unsecured creditors in Section 726 is, of course, attributable to the fact that the secured creditor may proceed against its security for payment of its claim even after the bankruptcy, as it retains its lien. An unsecured creditor is not similarly privileged.[3]

EAB further argues that the Trustee and the Court recognized the legitimacy of its

secured claim by the prior order that authorized the interim distribution. While it may appear anomalous, the fact remains that the existence of a lien is not tantamount to an allowed claim within the meaning of 11 U.S.C. § 502 and a secured creditor may choose to forego participation in a bankruptcy proceeding, electing to enforce its lien rights in state court. *See* 11 U.S.C. § 726.

According to EAB's motion, the Trustee is prepared to make a further distribution of $25,000.[4] The Court recognizes that, as a result of its decision, EAB's claim may not be allowed (except as a late filed unsecured claim, *see* sect. 502(b)(9)) and that it may therefore not participate in this distribution because of the limited funds available for distribution. Nonetheless, mindful of the teachings of *Pioneer* and the strictures of Bankruptcy Rule 9006(b)(3), the Court is unaware of any basis upon which it can grant the relief requested. The mere fact that no one objected to EAB's motion is not sufficient.[5]

Accordingly, the motion by EAB is hereby denied in its entirety. The Clerk is directed to serve a copy of this Memorandum Decision and Order upon counsel for EAB and the Chapter 7 Trustee.

So Ordered.

---

2. In its motion, EAB does not specify the nature of its claim and, as a consequence, it is unknown whether EAB is seeking a claim for an unsecured deficiency balance or a claim as to which it has a secured interest. If it is the former, EAB may file a claim that would entitle it to distribution pursuant to section 726(a)(3).

3. Nor does the Court believe its holding is inconsistent with *In re Vecchio*, 20 F.3d 555 (2d Cir. 1994). The Court of Appeals held in *Vecchio* that "to the extent Rule 3002 suggests that a late filed claim must be disallowed, it in inconsistent with the text of §§ 726, 502, and 501" and must be invalidated. First, Congress amended Section 502 after *Vecchio* was decided. In addition, the *Vecchio* court was considering the effect of a tardily filed *priority* claim. The order of distribution of priority and unsecured claims is specified in Section 726. That section is silent as to *secured* claims, for the reasons set forth above.

4. EAB's papers do not, significantly, allege that the additional distribution is made of funds which constitute EAB's collateral. The prior distribution, which the Court allowed, was of funds representing the proceeds of EAB's collateral, and not of funds that would have been available for the benefit of unsecured creditors.

5. Although not raised by EAB, the Court has considered whether EAB has, in any manner, filed what could be considered an informal proof of claim. *See In re The Float, Inc.*, 163 B.R. 18 (Bankr.N.D.N.Y.1993) (court may *sua sponte* raise the question of an informal proof of claim). In this instance, however, EAB did not even file a notice of appearance prior to the bar date, much less any document which sets forth the nature and amount of the claim and an intent to hold the debtor liable. *Id.* at 20.